**STATE of Tennessee, Appellee,**

**v.**

**Ernest Howell McKINNEY, Appellant.**

Court of Criminal Appeals of Tennessee,
at Knoxville.

April 19, 1996.

David Bautista, Public Defender, Jeff Kelly, Asst. Public Defender, Johnson City, for appellant.

Charles W. Burson, Attorney General & Reporter, Michael J. Fahey, II, Asst. Attorney General, Nashville, David Crockett, District Attorney General, Kent W. Garland, Asst. District Attorney General, Jonesborough, for appellee.

### OPINION

PEAY, Judge.

The defendant was indicted for driving under the influence (DUI) and driving on a revoked license (DORL). There was also a third count alleging a prior DUI conviction. After a jury trial, during which the DORL charge was dismissed, the defendant was convicted of DUI. The jury additionally found it to be a second offense. In this direct appeal, the defendant claims that the trial judge should have granted a mistrial, and that the third count of his indictment should have been dismissed because the prior conviction preceded his current conviction by more than ten years. We affirm the judgment below.

The defendant was stopped at about 11:00 p.m. on November 23, 1987, by Officer Debbie Barron after she noticed that one of the car's headlights was out and that the car was "veering." Officer Barron testified that she had smelled alcohol when she went to the defendant's car, and that he had failed several field sobriety tests that she administered. After being taken to jail, the defendant took an Intoximeter test, which registered a .15 blood alcohol level. Ms. Barron also testified that the defendant had been very belligerent, and that he had urinated on himself at the jail.

The defendant testified on his own behalf, as did his ex-wife and his ex-wife's sister, and all denied that he had been intoxicated. The defendant denied that he had had any alcoholic beverages that day or evening, and that the only substance he had ingested that day that contained alcohol was a dose of Ny-Quil. The jury rejected the defendant's version of the facts.

■ The defendant's first issue arises out of Officer Barron's response to a question asked on cross-examination. The officer was testifying about the defendant's license having been revoked, and the defendant's lawyer asked, "And, your recollection that you think he was either suspended, or revoked, or driving without a license?" to which Officer Barron replied, "He was revoked as of ... I—I—I've got the date. I know the date when he was revoked if you want that." The defendant's lawyer said, "Sure," and Officer Barron testified, "3/28 of '84, on a—on a prior charge."

On hearing the reference to the prior charge, the defendant's lawyer immediately moved for a mistrial, which the judge denied. The trial court stated, "I'm not going to grant a mistrial. I—I—I don't think at this time I'm going to caution the Jury. I might in the instructions to not [sic] to consider any evidence about any prior charge. I—I might do that." The trial court further stated that he considered Officer Barron's response to be "a logical part of an answer." The trial court, however, did not include any limiting instruction in his charge to the jury.

■ The granting or denial of a mistrial is within the sound discretion of the trial court. *State v. Jones,* 802 S.W.2d 221, 222 (Tenn. Crim.App.1990). Absent a finding of abuse of that discretion, this Court will not disturb the trial court's ruling. *Id.* The defendant in this case has shown no such abuse of discretion. Moreover, although the trial court did not give a limiting instruction as might have been preferable, any error was harmless. There was no testimony or other evidence about what constituted the prior

charge. The trial court eventually dismissed the DORL count. The evidence of the defendant's guilt of DUI was overwhelming and the defendant suffered no prejudice from this offhand remark by the officer.

■ In his second issue, the defendant complains that his DUI conviction should not have been considered a second offense because the date of his prior conviction preceded his conviction in this matter by more than ten years. Specifically, the defendant was convicted (on a guilty plea) of DWI, first offense, on March 28, 1984. He was not convicted in this matter until July 19, 1994, after finally having been served with a capias in 1993.

T.C.A. § 55-10-403(a)(3) states, "For purposes of this section, a person whose convictions for violating the provisions of § 55-10-401 occur more than ten (10) years apart shall not be considered a multiple offender and the penalties imposed upon multiple offenders ... do not apply to such person." Since the dates of the defendant's convictions are more than ten years apart, this statute would seem to preclude using his first offense in order to render the 1994 conviction a "second offense."

However, there is proof in the record that the almost seven year delay in the defendant's trial for this DUI charge was due at least in part to the defendant's own actions in leaving the jurisdiction and failing to appear for at least one trial date of which he was aware.[1] The defendant admitted that he had been in Texas on December 1, 1988, the date on which his trial was set. Rather than appear himself, his wife "showed up for court." The defendant tried to explain his absence(s) as "just common mistakes in [the] type of job [I] hold." The defendant was a truck driver.

The trial court denied the defendant's motion to dismiss the third count of the indictment, in which was alleged the prior offense, stating, "If—if the entire fault was of the State I'd grant your motion, but, part of the—part of the fault is due to the Defense,

---

1. Although not clear from the record, it appears that the defendant missed another court date as

well because he was in Oklahoma.

therefore, your motion is respectfully denied." We agree with the trial court's decision. We do not think that the legislature intended that § 55–10–403(a)(3) be applied in such a way that multiple offenders are rewarded for absenting themselves from the jurisdiction so as to cause a ten year delay between convictions. Such a result is contrary to the legislature's expressed intent of enhancing the punishment of those drivers who repeatedly drink and drive.

The defendant's reliance on *State v. Sizemore,* No. 03C01–9209–CR–00326, 1994 WL 369733, Blount County (filed July 15, 1994, at Knoxville), is misplaced. In that case, the issue was the proper method of calculating the ten year period. Here, the State concedes that more than ten years has passed between convictions. However, the State argues that we should apply the principles inherent in the tolling statute, T.C.A. § 40–2–103. That section provides, "No period, during which the party charged conceals the fact of the crime, or during which the party charged was not usually and publicly resident within the state, is included in the period of limitation."

We agree with the State that it is appropriate to apply this tolling statute by analogy. In this case, the defendant deliberately absented himself from the jurisdiction on at least one court date, claiming work as an excuse. Yet the defendant makes no claim that he petitioned the court for a continuance such that he could properly arrange his schedule. Nor is there any proof that he was threatened with the loss of his job if he appeared in court as ordered. Rather, it is easier to draw the inference that, as a truck driver who may have faced the loss of his livelihood if he appeared and was convicted, the defendant had good reason to find himself outside the jurisdiction on his court date(s). We cannot condone this course of behavior.

For the reasons set forth above, we affirm the judgment below.

JONES and WELLES, JJ., concur.