# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### MAY SESSION, 1999

**FILED**

October 28, 1999

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 01C01-9811-CR-00446** |
| Appellee, | ) | |
| | ) | |
| | ) | **WILSON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. J. O. BOND** |
| **WANDA E. DAVIS,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | **(Direct Appeal - D.U.I.)** |


**FOR THE APPELLANT:**

HUGH GREEN
100 Public Square
Lebanon, TN  37087

**FOR THE APPELLEE:**

PAUL G. SUMMERS
Attorney General & Reporter

ELIZABETH B. MARNEY
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243

TOM P. THOMPSON, JR.
District Attorney General

JERRY HUNT
Assistant District Attorney
119 S. College St.
Lebanon, TN  37087


OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

The appellant, Wanda E. Davis, was convicted by a Wilson County jury of one (1) count of driving under the influence, second offense. She was fined $600, and the trial court sentenced her to eleven (11) months and twenty-nine (29) days in jail; all but 45 days of the sentence was suspended. On appeal, the appellant raised the following issues for this Court's review:

> (1) whether the trial court erred by failing to dismiss the case because of alleged defects in the indictment;
>
> (2) whether the trial court erred in admitting the testimony of a state's witness when the appellant was not provided with pretrial discovery information relating to the witness;
>
> (3) whether the trial court erred by restricting the appellant's cross examination of Trooper Vaughn;
>
> (4) whether the trial court erred by refusing to admit testimony concerning a statement made by Trooper Vaughn to the appellant;
>
> (5) whether the trial court erred in denying a mistrial after the state conducted improper questioning of the appellant;
>
> (6) whether the state's closing argument constituted prosecutorial misconduct which warranted a mistrial; and
>
> (7) whether the evidence is sufficient to support the appellant's conviction.

After a thorough review of the record, we conclude that there is no reversible error and, therefore, affirm the judgment of the trial court.

## FACTS

In the early morning of January 23, 1997, Henry Kerr was traveling on Mt. Juliet Road when he noticed a vehicle in a ditch. When Kerr stopped to assist

the motorist, the appellant got out of the vehicle and asked Kerr if he would push her vehicle from the ditch. Kerr refused the appellant's request but offered to call a wrecker once he arrived at his home. Immediately upon arriving home, Kerr contacted Oco Hamblen, who owned a wrecker service.

Once Hamblen arrived at the scene, he hooked his wrecker to the appellant's vehicle and pulled it from the ditch. Hamblen then asked the appellant to get in the vehicle and either push down on the brakes or shift into park. Instead, the appellant shifted the vehicle into gear, allowing it to roll back into the ditch. After Hamblen pulled the vehicle from the ditch a second time, the appellant got out of her vehicle and began to complain that Hamblen had damaged her vehicle. Hamblen responded by calling the police.

State Trooper Jack Vaughn arrived on the scene about 12:25 a.m. The appellant informed him that she was driving on Interstate 40 when she took the wrong exit and, while trying to make a U-turn, drove her vehicle into the ditch. Vaughn noticed an open beer can in the vehicle and asked the appellant if she had been drinking. The appellant acknowledged that she had consumed a couple of beers that evening. Vaughn administered three field sobriety tests, all of which the appellant performed unsatisfactorily. Based on his observations, Vaughn concluded that the appellant was under the influence of an intoxicant and placed her under arrest. He then asked her to submit to a blood alcohol test, and the appellant consented. The blood alcohol test results revealed that the appellant's blood alcohol level was 0.21%.

The appellant was indicted in a three-count indictment charging alternative counts of driving under the influence of an intoxicant, driving under the influence of an intoxicant, second offense, and driving with a blood alcohol content above .10. At trial, the appellant testified that she had not been driving her car that

night, but had met a man named "Allen" at a local bar whom she had allowed to drive her automobile. They were driving on Mt. Juliet Road when they attempted to turn around in a residential driveway, and the car became stuck. "Allen" left to seek assistance, but never returned to the scene.

The jury returned a verdict of guilty for driving under the influence of an intoxicant, second offense. The trial court sentenced the appellant to eleven (11) months and twenty-nine (29) days, with all but 45 days suspended. From her conviction, the appellant now brings this appeal.


**ALLEGED INDICTMENT DEFECTS**


The appellant claims that the indictment contained deficiencies which were unduly prejudicial. First, she asserts that the indictment was defective because Count Two of the indictment, charging her with DUI "second offense" could not be taken into the jury room during deliberations. She further contends that the indictment was defective because she could not be convicted of driving under the influence of an intoxicant in Count One and driving with a blood alcohol content above the legal limit in Count Three because such counts are duplicitous.

Appellant has failed to provide this court with authority in support of her argument. When an appellant fails to cite appropriate authority in support of his or her issue on appeal, that issue is waived. Tenn. Ct. Crim. App. 10(b); State v. Alvarado, 961 S.W.2d 136, 148 (Tenn. Crim. App. 1996).

Furthermore, defects in the indictment must be raised prior to trial, or will be deemed waived. Tenn. R. Crim. P. 12(b)(2); State v. Kennedy, 649 S.W.2d 275, 279 (Tenn. Crim. App. 1982). Appellant failed to raise the issue of the indictment's sufficiency prior to trial. Although this Court "may notice at any time

-4-

during the pendency of the proceedings the defense that the indictment fails to show jurisdiction or fails to charge an offense," *see* Ruff v. State, 978 S.W.2d 95, 96 (Tenn. 1998), the appellant does not challenge the trial court's jurisdiction or complain that the indictment fails to charge an offense. As a result, the appellant has waived the issue on this basis as well.

This issue is without merit.

## PRETRIAL DISCOVERY

In her next issue, the appellant contends that the trial court erred by admitting the testimony of Norman Kerr when the state failed, during pretrial discovery, to provide the defense with Kerr's address and Kerr's hand-written notes regarding the incident. The appellant claims that as a result of being denied access to the requested information, she was unfairly prejudiced by Kerr's testimony and was denied a full and fair cross-examination of the witness.

With regard to the state's failure to provide the defense with Kerr's address, the state provided the defense with the names and addresses of its witnesses during pretrial discovery. The state listed Kerr as a witness, but did not provide his address because the state did not have that information at that time. The state was, however, able to obtain his address approximately one month prior to trial when a subpoena requiring Kerr's presence at trial was issued.

The state is not required to furnish the appellant with information easily obtainable by exercising reasonable diligence. *See* State v. Dickerson, 885 S.W.2d 90, 92 (Tenn. Crim. App. 1993). The defense was provided with Kerr's name during pretrial discovery. Once a name has been acquired, the address of the individual is usually obtainable with reasonable diligence. The appellant

has failed to show that she made any effort in addition to the pretrial discovery motion to obtain the address of Mr. Kerr.

In any event, the appellant has not established how she was prejudiced by the state's failure to provide the witness' address. Defense counsel conducted a vigorous cross-examination of Kerr and implied that Kerr would have reasons to be biased in favor of other state witnesses and against the appellant. After being placed upon notice that Kerr might testify, the defense was clearly able to prepare for the witness' testimony. Therefore, there is not prejudice to the defense shown in this record.

The appellant also claims that she was unfairly prejudiced because the state failed to provide Kerr's hand-written notes. Kerr drafted a summary of the events he witnessed the night of the arrest to aid him during his testimony. The appellant claims that she has a right to pretrial discovery of these notes because she requested "written . . . summaries of statements made by the defendant to any individual concerning any relevant aspect of this case" and Kerr's notes allegedly contained statements made by the appellant on relevant aspects of the case. The trial court found that Kerr's handwritten notes did not constitute a "statement," and the appellant was entitled to review these notes only if the defense requested them at the conclusion of Kerr's direct testimony.

It is arguable whether Kerr's handwritten notes to aid in his testimony constitute a "statement."[1]  However, even if these notes could be considered a

---

[1] A statement is defined as:

(1) A written statement made by the witness that is signed or otherwise adopted or approved by the witness; or

(2) A substantially verbatim recital of an oral statement made by the witness that is recorded contemporaneously with the making of the oral statement and that is contained in a stenographic, mechanical, electrical, or other recording or a transcription thereof.

Tenn. R. Crim. P. 26.2(g); see also State v. Payton, 782 S.W.2d 490, 494 (Tenn. Crim. App. 1989).

"statement," the state was not required to produce such statement until after Kerr had testified on direct examination. According to Tenn. R. Crim. P. 16(a)(2), statements made by state witnesses are not subject to rules of disclosure. Under Tenn. R. Crim. P. 26.2, trial counsel may examine a witness' statement after direct examination. *See* State v. Caughron, 855 S.W.2d 526, 535 (Tenn. 1993). No obligation exists for the state to produce a witness' statement until after direct examination of the witness.[2] Id.

This issue has no merit.

## RESTRICTION ON CROSS EXAMINATION

The appellant contends that the trial court erred by refusing her the opportunity to fully and fairly cross examine State Trooper Jack Vaughn. The appellant claims that the witness was biased due to pressures from an internal affairs investigation. Consequently, the appellant argues that she should have been afforded the opportunity to question this witness regarding his bias.

The appellant and Vaughn spoke on the day that her preliminary hearing was scheduled, and the appellant informed him that she had not been driving her vehicle on the night of the incident. She explained that a man she picked up from a bar ("Allen") was the driver, but she did not tell the officer this information on the night of the incident because she was embarrassed. Vaughn told the appellant that her explanation was sincere and reasonable. Shortly after her

---

[2] The appellant claims that the state was obligated to provide the notes prior to trial because she requested "written . . . summaries of statements made by the defendant to any individual concerning any relevant aspect of this case" in her pretrial discovery motion which was granted by the trial court. She argues that the notes contain statements made by the appellant on relevant aspects of the case. However, the record does not support this contention, as there is no indication as to what information the notes contain.

conversation with Vaughn, the appellant informed her former boyfriend that she believed the charges against her would be dropped by the state.

Sometime later, the appellant's former boyfriend contacted the Tennessee Highway Patrol in an effort to generate an internal affairs investigation, suggesting that the appellant and Vaughn were "going to conspire to fix the case." Subsequently, Vaughn testified for the grand jury, and the grand jury returned the present indictment.

At trial, Vaughn testified on cross-examination that he believed the appellant's explanation of the incident was sincere and seemed reasonable. When defense counsel attempted to question Vaughn about the internal affairs investigation which may have affected the officer's testimony before the grand jury, the state objected to the appellant's questioning. After a jury out hearing, the trial court sustained the objection finding that the information was irrelevant.

"Because an assessment of whether a piece of evidence is relevant requires an understanding of the case's theory and other evidence as well as a familiarity with the evidence in question, appellate courts give great deference to a trial judge's decision on relevance issues." State v. Forbes, 918 S.W.2d 431, 449 (Tenn. Crim. App. 1995) (quoting N. Cohen, D. Paine & Sheppeard, Tennessee Law of Evidence § 401.5 (2d ed. 1990)). For this reason the control of cross examination of witnesses is completely within the trial court's discretion and will not be interfered with absent a clear showing of abuse of discretion. State v. Harris, 839 S.W.2d 54, 72 (Tenn. 1992).

The trial court determined that testimony regarding the investigation into Vaughn's actions which preceded his grand jury testimony was irrelevant to the jury's determination at trial. We agree. Clearly, Officer Vaughn had probable cause to arrest the appellant for driving under the influence of an intoxicant,

notwithstanding the appellant's subsequent self-serving statement that she was not driving on the night of her arrest. Further, the district attorney, not Officer Vaughn, made the determination to submit the case to the grand jury. The decision whether to prosecute rests entirely within the discretion of the district attorney. *See* State v. Superior Oil, Inc., 875 S.W.2d 658, 660 (Tenn. 1994); Quillen v. Crockett, 928 S.W.2d 47, 51 (Tenn. Crim. App. 1995).

In addition, although the appellant insists that Vaughn was improperly influenced by the internal affairs investigation, the record does not support this contention. Vaughn testified in a pretrial hearing that he learned of the investigation after he testified before the grand jury. Furthermore, Vaughn denied giving the appellant any indication that he would recommend that the grand jury not return an indictment in this case.

The facts surrounding the internal affairs investigation into Vaughn's actions was irrelevant to the jury's determination of whether the appellant was driving under the influence of an intoxicant in the early morning hours of January 23. Moreover, the record does not support the appellant's assertions that Officer Vaughn's testimony before the grand jury was improperly influenced and that the prosecution against her would have been dismissed had the investigation not occurred. Therefore, the trial court did not abuse its discretion in refusing to allow the appellant to cross-examine Vaughn regarding the investigation.

This issue is without merit.

**APPELLANT'S TESTIMONY REFUSED**

The appellant asserts that the trial court erred by not allowing the appellant to testify as to whether Vaughn expressed that he believed that the appellant was

not driving on the night of the incident. When the appellant attempted to testify that Vaughn stated that he personally believed her, the state objected to the question, and the trial court sustained the objection. However, ignoring the trial court's ruling, the appellant stated, "he said he believed me." The trial judge then gave curative instructions asking the jury to disregard the appellant's statement.

Initially, this Court notes that this issue was not presented in the appellant's motion for new trial. If an alleged error is not properly raised in a motion for new trial, the issue is waived. Tenn. R. App. P. 3(e); State v. Caughron, 855 S.W.2d at 538. In any event, the arresting officer's personal belief concerning the truthfulness of a statement made by the accused is irrelevant. The standard of review for a trial court's determination of relevancy is an abuse of discretion standard. State v. DuBose, 953 S.W.2d 649, 652 (Tenn. 1997). The trial court did not abuse its discretion in refusing to allow the testimony into evidence.

Moreover, the appellant certainly was not prejudiced by the trial court's ruling. On cross-examination, Vaughn repeatedly testified that the appellant appeared sincere when she explained that she was not driving her automobile on the night of her arrest and that her story seemed reasonable. Thus, the jury was allowed to hear that the officer believed that the appellant's version of the events was sincere.

This issue has no merit.

### IMPROPER QUESTIONING BY STATE

In appellant's next issue, she asserts that the trial court should have granted a mistrial when the prosecutor questioned the appellant as to why she did not inform Vaughn at the time of her arrest that she was not driving the

vehicle. She claims that such questioning was unduly prejudicial, and the curative instruction provided by the trial court was insufficient to cure the prejudicial effect.

During cross examination, the assistant district attorney asked the appellant why she failed to inform Vaughn that she was not driving the vehicle at the time of her arrest. Trial counsel requested a bench conference and moved for a mistrial based upon the inappropriate questioning. The trial court denied the appellant's motion for a mistrial but instructed the jury as follows: "The defendant, upon being advised of constitutional rights has a right to rely upon those rights without any further questioning from the officer."

The decision of whether to grant a mistrial rests within the sound discretion of the trial court. State v. Smith, 871 S.W.2d 667, 672 (Tenn. 1994); State v. McKinney, 929 S.W.2d 404, 405 (Tenn. Crim. App. 1996). This Court will not disturb that decision absent a finding of abuse of discretion. State v. Adkins, 786 S.W.2d 642, 644 (Tenn. 1990); State v. Hall, 947 S.W.2d 181, 184 (Tenn. Crim. App. 1997). The burden of establishing the necessity for mistrial lies with the party seeking it. State v. Williams, 929 S.W.2d 385, 388 (Tenn. Crim. App. 1996). In making this determination, "no abstract formula should be mechanically applied, and all circumstances should be taken into account." State v. Mounce, 859 S.W.2d 319, 322 (Tenn. 1993) (quoting Jones v. State, 403 S.W.2d 750, 753 (Tenn. 1966)).

It is well established that a prosecutor's comment on an accused's exercise of his privilege against self-incrimination violates both federal and state constitutions. State v. Hale, 672 S.W.2d 201, 202 (Tenn. 1984); State v. Thomas, 818 S.W.2d 350, 364 (Tenn. Crim. App. 1991). However, the appellant explained on direct examination that she did not tell the officer that she was not

-11-

driving because she did not believe she should talk to the officer after he had read her <u>Miranda</u> rights and placed her under arrest. She testified, "I mean, he read me my rights, and it said that I didn't have to say anything else, so I was just -- I just didn't say anything else." Further, the questioning was limited, and the trial court instructed the jury that the appellant was not required to speak to the officer. In light of the limited nature of the offending questioning and the trial court's prompt curative instruction, the trial court did not abuse its discretion in refusing to grant a mistrial. *See* <u>State v. Dick</u>, 872 S.W.2d 938, 944 (Tenn. Crim. App. 1993).

The appellant also challenges the sufficiency of the curative instruction given by the trial court. However, we conclude that the appellant has waived her right to appeal the issue of whether the trial judge's instruction was sufficient to prevent undue prejudice. "If a party fails to request a curative instruction, or, if dissatisfied with the instruction given and does not request a more complete instruction, the party effectively waives the issue for appellate purposes." <u>State v. Griffis</u>, 964 S.W.2d 577, 599 (Tenn. Crim App. 1997); *see also* <u>State v. Leach</u>, 684 S.W.2d 655, 658 (Tenn. Crim. App. 1984). During trial the appellant failed to request a more complete instruction by the trial court. Therefore, because the appellant did not contest the sufficiency of the instructions during trial, the appellant has waived any complaints with regard to the trial court's curative instruction.

This issue is without merit.

## STATE'S CLOSING ARGUMENT

The appellant next alleges that the trial court erred by failing to grant a mistrial upon the prosecutor making an improper remark during closing argument. During its rebuttal closing argument, the assistant district attorney made the following statement:

> I do know that the officer wrote down here from her testimony, her statement to him that night that she was driving the car. He believes that she was reasonable and he believes she was telling the truth that night.

The appellant objected, on the grounds that there was no proof of this fact. The trial court overruled the objection stating, "[t]his is argument . . . . What you all say is not evidence." The appellant claims that this remark was improper and constitutes prosecutorial misconduct.

"Trial judges are accorded wide discretion in control of the argument." State v. Zirkle, 910 S.W.2d 874, 888 (Tenn. Crim. App. 1995). Furthermore, both the state and the defense are afforded wide latitude in arguing their cases to the jury. State v. Bigbee, 885 S.W.2d 797, 809 (Tenn. 1994); State v. Zirkle, 910 S.W.2d at 888. However, when the prosecution's argument goes beyond that wide latitude afforded, the test to determine whether reversal is required is "whether the impropriety 'affected the verdict to the prejudice of the defendant.'" State v. Bigbee, 885 S.W.2d at 809 (quoting Harrington v. State, 215 Tenn. 338, 385 S.W.2d 758, 759 (1965)).

In reviewing a claim of prosecutorial misconduct during closing argument, we are guided by such factors as:

> 1. The conduct complained of viewed in context and in light of the facts and circumstances of the case.
>
> 2. The curative measures undertaken by the court and the prosecution.

3. The intent of the prosecution in making the improper statement.

4. The cumulative effect of the improper conduct and any other errors in the record.

5. The relative strength or weakness of the case.

Judge v. State, 539 S.W.2d 340, 344 (Tenn. Crim. App. 1976).

We do not believe that the prosecutor's remark was improper. Certainly, it is a logical inference that the officer believed that the appellant was driving when he arrested her for driving under the influence. Additionally, this remark was made in response to defense counsel's argument that the officer instead believed the appellant's other version of the events that "Allen" was driving the car.

In any event, after defense counsel objected to the remark, the trial court stated in the jury's presence that closing arguments are not evidence. In addition, in its jury charge the trial court further instructed the jury that "what the attorneys say to you is not evidence and you cannot rely on their statements to you as evidence." The jury is presumed to have followed the trial court's instructions. State v. Butler, 880 S.W.2d 395, 399 (Tenn. Crim. App. 1994).

This issue has no merit.

## SUFFICIENCY OF THE EVIDENCE

Finally, the appellant challenges the sufficiency of the convicting evidence. When an accused challenges the sufficiency of the evidence, this Court must review the record to determine if the evidence adduced during the trial was sufficient "to support the findings by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt

-14-

predicated upon direct evidence, circumstantial evidence or a combination of direct and circumstantial evidence. State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996).

In determining the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Nor may this Court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956). To the contrary, this Court is required to afford the state the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. State v. Tuttle, 914 S.W.2d 926, 932 (Tenn. Crim. App. 1995). "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Questions concerning the credibility of the witnesses, the weight and value to be given the evidence as well as all factual issues raised by the evidence are resolved by the jury as the trier of fact. State v. Tuttle, 914 S.W.2d at 932.

Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this Court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982); State v. Grace, 493 S.W.2d at 476.

In the present case, two individual witnesses testified that the appellant seemed to be under the influence of an intoxicant the night of the arrest. Vaughn observed that the appellant was unsteady exiting her vehicle, had bloodshot eyes and smelled of alcohol. After questioning the appellant and finding an empty

-15-

beer can in the vehicle, Vaughn administered sobriety tests, and the appellant performed poorly on each test. Vaughn asked her if she would submit to a blood test, and the appellant consented. Testing revealed that the appellant had a blood alcohol content of 0.21%, over twice the legal limit.

On the night of her arrest, the appellant informed Vaughn that she had been driving the vehicle, even though she subsequently denied driving the vehicle almost three months later while criminal charges were pending against her. Additionally, the state presented testimony that the appellant backed her car onto Mt. Juliet Road after Hamblen extricated the automobile from the ditch.

After viewing the evidence in light most favorable to the state, we conclude that there is sufficient evidence for a rational trier of fact to determine that the appellant was driving under the influence of an intoxicant.[3] This issue is without merit.

## CONCLUSION

After a thorough review of the record before this Court, we conclude that there is no reversible error in this case. Accordingly, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE

---

[3] The appellant does not contest the finding that she is a second offender of driving under the influence of an intoxicant.

CONCUR:

-17-

_____
DAVID G. HAYES, JUDGE


_____
NORMA MCGEE OGLE, JUDGE