IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
August 22, 2000 Session

## STATE OF TENNESSEE v. WILLIAM P. LIVINGSTON, JR.

**Direct Appeal from the Criminal Court for Hamblen County**
**No.  98-CR-130, 98-CR-250     James E. Beckner, Judge**

---

**No.  E1999-01362-CCA-R3-CD**
**July 31, 2001**

---

A Hamblen County jury convicted the Defendant of three counts of obtaining prescription drugs by fraud, and the trial court sentenced him as a Range II persistent offender to six years incarceration for each count, with the sentences to be served concurrently, but consecutive to a previous conviction for which he received a twenty-one-year sentence.  On appeal, the Defendant argues: (1) that he was improperly arraigned; (2) that the evidence is insufficient to support his convictions; (3) that a mistrial should have been ordered by the trial court when a witness speculated that the Defendant might have been Sheriff of Grainger County at one time; (4) that the trial court erred by failing to grant the Defendant's motion for a change of venue; (5) that the trial court should have recused itself; and (6) that the Defendant was denied a speedy trial.  Finding no merit to these allegations, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, and DAVID H. WELLES, JJ., joined.

Paul G. Whetstone, Morristown, Tennessee, for the appellant, William P. Livingston, Jr.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; C. Berkeley Bell, District Attorney General; W. Chris Scruggs, Assistant District Attorney General; Eric Christiansen, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I.  FACTUAL BACKGROUND

Acting on information received from a confidential informant, a drug task force officer examined prescription records pertaining to the Defendant from two drug stores in Hamblen County, Tennessee.  The prescriptions were for various Schedule III and Schedule IV controlled substances. Expert testimony revealed that the Defendant's prescriptions had been xeroxed and that the refill line

had been filled in. The physician who wrote the prescriptions testified that no refills were ordered on the prescriptions when he wrote them and that no person was authorized by him to copy the original prescriptions. The evidence presented at trial indicated that the Defendant obtained controlled substances with prescriptions that were dated February 12 and June 11, 1997, although the physician purporting to have written those prescriptions denied having written them on those dates. A former girlfriend of the Defendant testified that the Defendant had told her that he repeatedly copied prescriptions at a library and then took them to various drug stores to have them filled.

## II. ANALYSIS

### A. ARRAIGNMENT

The Defendant first claims that his convictions "should be declared void ab initio as a result of the trial court's non-compliance with the rules governing the service of the capias and arraignment." He contests "the practice currently in place in the Third Judicial District concerning inadequate arraignment procedures."

Rule 10 of the Tennessee Rules of Criminal Procedure governs arraignment. It provides as follows:

> Except as provided in Rule 43, before any person is tried for the commission of an offense, the person shall be called into open court and arraigned.
> . . . The arraignment shall consist of reading the indictment, presentment or information to the defendant or stating to the defendant the substance of the indictment, presentment or information, and calling on him or her to plead thereto. The defendant shall be given a copy of the indictment, presentment or information before called upon to plead. An entry of record shall be made of the arraignment.

Tenn. R. Crim. P. 10(a), (b).

We agree with the State that the record is insufficient for review of the Defendant's claim that the trial court somehow failed to comply with Rule 10 of the Tennessee Rules of Criminal Procedure. The Defendant bears the responsibility of presenting to this Court an adequate record from the trial court as to issues raised by the Defendant on appeal. Tenn. R. App. P. 24(b); State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983). In the absence of an adequate record, this Court must presume that the trial court's ruling was supported by the evidence. State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988).

Nevertheless, we find nothing in the record to support the Defendant's claim that he was not properly arraigned. It is, however, clear from the record that the Defendant knew the specifics of the charges against him well before trial. We also note that the trial court ruled against the Defendant on this issue when it was included in the Defendant's motion for new trial. This issue is without merit.

### B. SUFFICIENCY OF THE EVIDENCE

The Defendant next challenges the sufficiency of the evidence upon which the jury convicted him. In each count, the Defendant was convicted of violating Tennessee Code Annotated § 53-11-402(a), which provides as follows:

It is unlawful for any person knowingly or intentionally to:

. . .

[a]cquire or obtain, or attempt to acquire or attempt to obtain, possession of a controlled substance by misrepresentation, fraud, forgery, deception or subterfuge. Any person who violates this subdivision may, upon first conviction, have such sentence suspended and may as a condition of the suspension be required to participate in a program of rehabilitation at a drug treatment facility operated by the state or a comprehensive community mental health center.

When an accused challenges the sufficiency of the evidence, an appellate court's standard of review is whether, after considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 324 (1979); State v. Duncan, 698 S.W.2d 63, 67 (Tenn. 1985); Tenn. R. App. P. 13(e). This rule applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. State v. Dykes, 803 S.W.2d 250, 253 (Tenn. Crim. App. 1990), overruled on other grounds, State v. Hooper, 29 S.W.3d 1 (Tenn. 2000).

In determining the sufficiency of the evidence, this Court should not re-weigh or re-evaluate the evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Nor may this Court substitute its inferences for those drawn by the trier of fact from the evidence. Liakas v. State, 286 S.W.2d 856, 859 (Tenn. 1956); State v. Buggs, 995 S.W.2d 102, 105 (Tenn. 1999). Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. Liakas, 286 S.W.2d at 859. This Court must afford the State of Tennessee the strongest legitimate view of the evidence contained in the record, as well as all reasonable inferences which may be drawn from the evidence. State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992). Because a verdict of guilt against a defendant removes the presumption of innocence and raises a presumption of guilt, the convicted criminal defendant bears the burden of showing that the evidence was legally insufficient to sustain a guilty verdict. Id.

"A conviction may be based entirely on circumstantial evidence where the facts are 'so clearly interwoven and connected that the finger of guilt is pointed unerringly at the Defendant and the Defendant alone.'" State v. Smith, 868 S.W.2d 561, 569 (Tenn. 1993) (quoting State v. Duncan, 698 S.W. 2d 63, 67 (Tenn. 1985)). The jury must determine the weight to be given to circumstantial evidence, the inferences to be drawn from such evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence. State v. Land, 34 S.W.3d 516, 533 (Tenn. Crim. App. 2000).

The evidence presented in this case clearly established that xeroxed copies of prescriptions for the Defendant were made from originals given to the Defendant. The evidence also clearly established that the refill line on the prescriptions had been tampered with by someone other than the physician who legally wrote the original prescription and did not authorize any copying or changes. These fraudulent prescriptions were for Schedule III and Schedule IV controlled substances. The Defendant's former girlfriend, whose testimony was evidently credited by the jury, linked the Defendant directly to the prescription fraud. The evidence, although circumstantial, was sufficient to convict the Defendant. This issue is also without merit.

## C. MOTION FOR MISTRIAL

The Defendant contends that the trial court erred by refusing to grant his motion for mistrial made after a State witness speculated that the Defendant was Sheriff of Grainger County at one time. The Defendant argues that this testimony was irrelevant under Rule 402 of the Tennessee Rules of Evidence. He further argues that even if the testimony was relevant, it should have been excluded pursuant to Rule 403 of the Tennessee Rules of Evidence, which provides as follows:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The Defendant argues that this testimony constitutes "glaring prejudice" and contends that "[t]he propensity for a Tennessee jury to convict a former Tennessee sheriff must be gargantuan."

The granting or denial of a mistrial is a matter within the sound discretion of the trial court. State v. McKinney, 929 S.W.2d 404, 405 (Tenn. Crim. App.1996). This Court will not disturb such a decision absent a finding of an abuse of discretion. State v. Williams, 929 S.W.2d 385, 388 (Tenn. Crim. App. 1996). "The purpose for declaring a mistrial is to correct damage done to the judicial process when some event has occurred which precludes an impartial verdict." Id. A trial court should grant a mistrial only when it is of "manifest necessity." Id.; Arnold v. State, 563 S.W.2d 792, 794 (Tenn. Crim. App. 1977). The burden of establishing a "manifest necessity" is upon the appellant. Williams, 929 S.W.2d at 388.

While we agree with the Defendant that the witness' statement regarding the Defendant's prior employment history was irrelevant, there has been no showing of prejudice resulting from this statement. Although the Defendant insists that information about his former employment as sheriff would have served to prejudice any jury against him, we do not know what effect this information may or may not have had on the jury in this case. If the jury accepted this information as true, it is possible that the information could have actually benefitted the Defendant. We thus conclude that the trial court did not abuse its discretion by denying the Defendant's motion for mistrial. This issue is without merit.

## D. VENUE

The Defendant next contends that the trial court erred by refusing to grant his motion for a change of venue. In support of his argument, he points to "a damning article" that appeared in the Citizen Tribune newspaper on December 18, 1997. The article refers to the Defendant as the head of "a diversified criminal organization that included drug trafficking, auto theft, home burglaries, shoplifting and insurance, food stamp and drug fraud . . . ." The article also states that the Defendant was convicted in 1985 for selling Dilaudid and for conspiracy to sell Dilaudid.

Rule 21 of the Tennessee Rules of Criminal Procedure provides as follows: "In all criminal prosecutions the venue may be changed upon motion of the defendant, or upon the court's own motion with the consent of the defendant, if it appears to the court that, due to undue excitement against the defendant in the county where the offense was committed or any other cause, a fair trial probably could not be had." Tenn. R. Crim. P. 21(a). Whether to grant a motion for change of venue lies within the discretion of the trial court, and such a decision will not be overturned on appeal absent a showing of abuse of discretion. State v. Howell, 868 S.W.2d 238, 249 (Tenn. 1993). Jurors need not be totally ignorant of the facts and issues involved in a case upon which they are sitting, but they must be able to lay aside their opinions or impressions and render a verdict based upon the evidence presented. State v. Bates, 804 S.W.2d 868, 877 (Tenn. 1991). The test is "whether the jurors who actually sat and rendered verdicts were prejudiced by the pretrial publicity." State v. Kyger, 787 S.W.2d 13, 18-19 (Tenn. Crim. App. 1989). The burden of proof is on the Defendant. Id.; State v. Garland, 617 S.W.2d 176, 187 (Tenn. Crim. App. 1981).

During jury selection, the trial court asked all potential jurors, "[D]oes anybody know any of the parties in this case, or ever read or heard anything about this case, or know [the Defendant]?" The court then asked, "Nobody knows him or ever heard of him before?" None of the potential jurors responded that they were familiar with either the case or with the Defendant himself. We thus conclude that the Defendant has failed to show that he was in any way prejudiced by the newspaper article at issue. Not only were the jurors that convicted the Defendant unfamiliar with him, but they were also apparently unfamiliar with the newspaper article about which the Defendant now complains. We conclude that the trial court properly denied the Defendant's motion for a change of venue.

### E. MOTION FOR RECUSAL

The Defendant next contends that the trial court erred by denying his motion for recusal. He asserts that he formerly instituted a civil action against the brother-in-law[1] of the trial judge presiding over his trial. The Defendant argues that the trial judge abused his discretion by overruling the Defendant's motion for recusal and presiding over the trial.

Rule 10, Cannon 3(E) of the Rules of the Tennessee Supreme Court states, in pertinent part, that "[a] judge shall disqualify himself or herself in a proceeding in which the judge's impartiality

---

[1] In his brief, the Defendant states that he formerly instituted a civil action against the trial judge's brother, but in his prior motions, the Defendant states that the subject of the lawsuit was the trial judge's brother-in-law.

might reasonably be questioned, including but not limited to instances where . . . the judge has a personal bias or prejudice concerning a party or a party's lawyer . . . ." Tenn. R. Sup. Ct. 10, Canon 3(E)(1)(a). A motion for recusal based upon the alleged bias or prejudice of the trial judge addresses itself to the sound discretion of the trial court and will not be reversed on appeal absent a clear abuse of discretion. Caruthers v. State, 814 S.W.2d 64, 67 (Tenn. Crim. App. 1991).

Although the Defendant states in his brief that his motion for recusal was argued before the trial judge, the argument and the trial court's subsequent decision are not included in the record.[2] Thus, we rely only on the "Defendant's Motion in Limine Seeking Recusal of Trial Judge" and his subsequently filed "Motion to Recuse." In the Defendant's motion in limine concerning this matter, he provides the following statement in support of his request: "The defendant has previously been involved in civil litigation against a member of the [trial judge's] family, to wit, the brother-in-law of the judge, and it is the defendants [sic] sincere and thoughtful belief that the impartiality of the [trial judge], may reasonably be questioned." No further proof is offered in either the record or the Defendant's brief.

The record in this case contains "nothing more than circumstances from which it might be inferred that the [t]rial [j]udge might have some reason to have . . . [an] unfavorable opinion" of the Defendant. Wiseman v. Spaulding, 573 S.W.2d 490, 493 (Tenn. Ct. App. 1978). The facts alleged are insufficient to warrant a finding by this Court that the trial judge committed reversible error by refusing to recuse himself. Thus, we cannot conclude that the trial judge abused his discretion by denying the Defendant's motion to recuse.

## F. SPEEDY TRIAL

Finally, the Defendant argues that he was denied his right to a speedy trial. The presentment in this case was entered on June 8, 1998, and the Defendant asserted his right to a speedy trial by motion on July 30, 1998. The trial in this case took place on April 1, 1999. The Defendant now argues that the delay of approximately ten months before trial violated his right to a speedy trial.

Criminal defendants are statutorily and constitutionally entitled to a speedy trial. U.S. Const. amend. VI; Tenn. Const. art. I, § 9; Tenn. Code Ann. § 40-14-101. There are four factors to consider when assessing whether a defendant's right to a speedy trial has been violated: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right to a speedy trial; and (4) the prejudice suffered by the defendant as a result of the delay. State v. Utley, 956 S.W.2d 489, 492 (Tenn. 1997); State v. Bishop, 493 S.W.2d 81, 83-84 (Tenn. 1973); Barker v. Wingo, 407 U.S. 514, 530 (1972). However, it is not necessary for a court to consider these factors unless there has been "some delay which is presumptively prejudicial." Barker, 407 U.S. at 530. Such a delay must "approach one year" to trigger an analysis of the remaining factors, Utley, 956 S.W.2d at 494, although "the line of demarcation depends on the nature of the case." Id. If a court concludes that

---

[2] The Defendant bears the burden of responsibility of establishing an adequate record on appeal. Tenn. R. App. P. 24(b); State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983).

a defendant was denied the right to a speedy trial, constitutional principles demand that the defendant's conviction be reversed and the criminal charges dismissed. Bishop, 493 S.W.2d at 83.

We conclude that the delay in this case is not sufficient to trigger further analysis. Moreover, even assuming that a ten-month delay was unreasonable in this case, the Defendant has shown no prejudice resulting from the delay. "The most important inquiry with regard to prejudice is whether the delay impaired the defendant's ability to prepare a defense." State v. Patrick Thurmond, No. 01C01-9802-CR-00076, 1999 WL 787524, at *5 (Tenn. Crim. App., Nashville, Oct. 5, 1999). The Defendant has not demonstrated that he was hampered in any way by the delay in this case. This issue is therefore without merit.

Accordingly, we AFFIRM the judgment of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE