# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### September 11, 2001 Session

## STATE OF TENNESSEE v. MICHAEL HILL

### Direct Appeal from the Criminal Court for Shelby County
### No. 99-11679      James C. Beasley, Jr., Judge

_____

### No. W2000-02291-CCA-R3-CD - Filed November 7, 2001

_____

The Defendant, Michael Hill, pled guilty to driving under the influence of an intoxicant, and submitted sentencing for determination by the trial court. Included within the sentencing was a determination by the trial court as to whether or not Defendant's prior convictions for DUI could be used to sentence him as a multiple DUI offender pursuant to Tennessee Code Annotated section 55-10-403. The trial court determined that at least two of the prior DUI convictions could be used to sentence Defendant as a multiple third DUI offender. Defendant was sentenced to 11 months and 29 days, with all but 180 days suspended, and he was fined $3,500.00. On appeal, Defendant argues that all of the prior convictions for DUI were imposed more than ten years prior to his conviction for DUI in this case, and that he should be sentenced as a first offender. We agree, and reverse the judgment of the trial court and remand this case for a sentencing hearing as a DUI first offender.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court
### Reversed and Remanded for New Sentencing Hearing.

THOMAS T. WOODALL, J., delivered the opinion of the court, in which NORMA MCGEE OGLE, and ROBERT W. WEDEMEYER, JJ., joined.

William W. Heaton, Memphis, Tennessee, for the appellant, Michael Hill.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; William L. Gibbons, District Attorney General; and Paul Goodman, Assistant District Attorney General; and Jim Powell, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On October 7, 1999, Defendant was indicted by the Shelby County Grand Jury for a DUI offense which occurred on February 21, 1999. Ultimately, the trial court imposed sentence upon Defendant at a sentencing hearing in August, 2000, after Defendant entered a plea of guilty to the underlying DUI offense on February 23, 2000.

The Defendant's three prior DUI convictions occurred on February 16, 1989, November 1, 1989, and November 16, 1989. Two of these convictions occurred within ten (10) years of the date of commission of the offense which is the subject of this appeal, on February 21, 1999. However, all three convictions occurred more than ten (10) years prior to the date of his conviction in this case, on February 23, 2000.

The Defendant generally argues that Tennessee Code Annotated section 55-10-403(a)(3) is unconstitutionally vague regarding when a Defendant is to be sentenced as a multiple DUI offender. He does specifically assert that the ten-year period to determine whether a prior conviction can be used to determine a multiple offender must be from the date of conviction of the prior offense to the date of conviction of the present offense. The State, on the other hand, argues that as long as the most recent offense (rather than conviction for that offense) occurs within ten years of a prior conviction, the prior conviction can be used to establish the status as a multiple DUI offender. A recent case by our court resolves the issue in favor of Defendant. In State v. Conway, _____ S.W.3d _____, No. M2000-01263-CCA-R3-CD, filed at Nashville, May 8, 2001, this court addressed the identical issue presented in this appeal. The court in Conway examined Tennessee Code Annotated section 55-10-403(a)(3) as follows:

> Tenn. Code Ann. § 55-10-403(a)(3) was amended in 1998, and the amendment became effective May 11, 1998. See 1998 Public Acts, Chapter 926. The current statute reads as follows:
>
>> [A] person who is convicted of a violation of Tenn. Code Ann. § 55-10-401 shall not be considered a repeat or multiple offender and subject to the penalties prescribed in subsection (a), if ten (10) or more years have elapsed between such conviction and any immediately preceding conviction for a violation. *If, however, a person has been convicted of a violation of Tenn. Code Ann. § 55-10-401 within ten (10) years of the present violation*, then such person shall be considered a multiple offender and is subject to the penalties imposed upon multiple offenders by the provisions of subsection (a). If a person is considered a multiple offender under this subdivision, then every conviction for a violation of § 55-10-401, within ten (10) years of the immediately preceding violation shall be considered in determining the number of prior offenses, but in no event shall a conviction for a violation occurring more than twenty (20) years from the date of the instant conviction be considered for such purpose. (Emphasis added).
>
> The first sentence clearly states that the ten-year time frame is measured from conviction to conviction without any reference to the date of commission of the offenses. The second sentence measures the ten-year period from the date of the prior conviction to the "present violation." At issue is whether "present violation"

refers to the date of the offense or the date of the conviction. If the "present violation" refers to the date of the offense, this renders the first sentence of the statute totally inoperative and meaningless. We should not construe statutes to render a sentence inoperative. <u>Turner</u>, 913 S.W.2d at 160. We, therefore, conclude that the statute is ambiguous. Accordingly, we must ascertain the legislative intent and look to the entire statutory scheme. <u>Owens</u>, 908 S.W.2d at 926.

The prior statute provided as follows:

> For purposes of this section, a person whose convictions for violating the provisions of § 55-10-401 occur more than ten (10) years apart shall not be considered a multiple offender, and the penalties imposed upon multiple offenders by the provisions of subsection (a) do not apply to such person.

Tenn. Code Ann. § 55-10-403(a)(3) (Supp.1997). Clearly, the former statute measured the ten-year time period from conviction to conviction without any reference to the date of commission of the offenses. See <u>State v. Marvin E. Sizemore</u>, C.C.A. No. 03C01-9209-CR-00326, 1994 WL 369733, at *2 (Tenn. Crim. App. filed July 15, 1994, at Knoxville).

The current statute was enacted in 1998 and rewrote the entire subsection. See 1998 Public Acts, Chapter 926. We have examined the legislative history, including various discussions among legislators about the legislation prior to its enactment. We have found no indication that the legislature intended to amend the statute so as to change the method of calculating the ten-year period. Instead, the legislative history indicates that the legislative purpose of the current statute was simply to increase the reach of the statute as far back as twenty (20) years. Furthermore, the last sentence of the current statute clearly measures the twenty-year time period from the "date of the instant conviction."

In view of the ambiguity, we must construe the statute against the state and in favor of the defendant. <u>Rogers</u>, 992 S.W.2d at 400. Accordingly, we construe the statute, just as we did in <u>Sizemore</u>, to measure the relevant time periods from conviction to conviction without reference to the date of commission of the offenses.

<u>Conway</u>, _____ S.W.3d at ____, slip op. at 9-10.

An application for permission to appeal was filed in <u>Conway</u>, pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure. On October 1, 2001, the application was denied, and pursuant to Rule 4(D), Rules of the Tennessee Supreme Court, it was denied with the recommendation by the supreme court that this court's opinion in <u>Conway</u> be published. Pursuant to Rule 4(H)(2), <u>Conway</u> is controlling authority for all purposes.

As the court did in <u>Conway</u>, we recognize that there exists an exception to measuring the ten-year time from conviction to conviction. In <u>State v. McKinney</u>, 929 S.W.2d 404, 406 (Tenn. Crim. App. 1996), our court tolled the ten-year period during the time a defendant deliberately absented himself from the jurisdiction. However, in the case at bar, as in <u>Conway</u>, the State does not argue, and the record does not reflect, that Defendant Hill has absented himself from the jurisdiction of the court. Therefore, the exception to the rule does not apply.

All of the Defendant's prior convictions for DUI occurred more than ten years prior to the conviction for the present offense on appeal, which was February 23, 2000. Accordingly, he cannot be sentenced as a multiple DUI offender pursuant to Tennessee Code Annotated section 55-10-403(a)(3).

## CONCLUSION

As the present conviction on appeal occurred more than ten years after any of Defendant's prior convictions for DUI, Defendant was improperly sentenced as a DUI third offender. The conviction is affirmed, however, to the extent that the trial court sentenced Defendant as a third offender, we reverse the judgment, and remand this case for re-sentencing for a DUI, first offense.

_____
THOMAS T. WOODALL, JUDGE