Harvey ARNOLD, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Dec. 15, 1977.

Certiorari Denied by Supreme Court Mar. 20, 1978.

Tom P. Jennings, Tullahoma, Horace E. Johns, Jr., Nashville, for appellant.

Brooks McLemore, Jr., Atty. Gen., Robert L. Jolley, Jr., Asst. State Atty. Gen., Nashville, C. Michael Layne, Asst. Dist. Atty. Gen., Manchester, for appellee.

## OPINION

BYERS, Judge.

The Appellant was convicted of concealing stolen property and sentenced to serve not less than three (3) years nor more than five (5) years in the penitentiary.

On August 1, 1975, Donald D. Riddle left his 1971 Chevrolet truck at a job site in Nashville where he was working. When he returned on August 4, 1975, the truck was missing. Also, on August 1, 1975, Andrew R. Craddock left his blue Ford truck on a parking lot near a tavern in Nashville. When Craddock left the tavern to go home, his truck was missing. In the early morning hours of August 2, 1975, the Appellant and his wife appeared at the home of Jerry Arnold, the Appellant's son. They were driving the Ford and Chevrolet vehicles. Jerry Arnold assisted his father in dismantling the Chevrolet. Subsequently, the Sheriff of Coffee County located the two trucks in the woods back of Jerry Arnold's home and found the motor to the Chevrolet truck at a business known as Chuck's 66 Station.

The Appellant attacks the sufficiency of the evidence, the failure of the trial judge to dismiss the charges against him because there had been three previous mistrials prior to the fourth trial which resulted in a conviction, the introduction of evidence concerning the Ford truck, and the admission of a prior conviction in Federal Court of the Appellant for interstate transportation of a stolen vehicle.

The judgment is affirmed.

The Appellant's attack upon the evidence is couched in the nature of a complaint that the trial judge did not direct a verdict of acquittal at the close of the evidence. The Appellant made no motion to dismiss the charges and could not rely on this as a basis for a reversal of the judgment. *State v. Thompson*, 549 S.W.2d 943 (Tenn.1977). Beyond this, the evidence clearly supports the verdict of the jury and the Appellant has failed to show otherwise. *McBee v. State*, 213 Tenn. 15, 372 S.W.2d 173 (1963).

Three previous mistrials in this case is the basis for the Appellant's claim that the charges should have been dismissed prior to the fourth and convicting trial.

The record indicates that the first trial ended in a mistrial because of an improper remark between a juror and a witness. The second and third trials ended in mistrials because the juries were unable to reach a verdict.

The general rule is that a jury may be discharged and a mistrial declared if there is a manifest necessity requiring such action by the trial judge. If it appears that some matter has occurred which would prevent an impartial verdict from being reached, a mistrial may be declared and a claim of double jeopardy would not prevail on a subsequent trial. *Illinois v. Somerville*, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973). The impossibility of a jury reaching a verdict has long been recognized as a sufficient reason for declaring a mistrial. *Wade v. Hunter*, 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974 (1949); *Jones v. State*, 218 Tenn. 378, 403 S.W.2d 750 (1966); *State v. Malouf*, 199 Tenn. 496, 287 S.W.2d 79 (1956).

The rule that a mistrial will be declared because the jury is unable to reach a verdict is not, however, unlimited in its application. In the early case of *United States v. Perez*, 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824), the Supreme Court recognized the manifest necessity doctrine in the declaration of mistrials as not barring subsequent prosecutions. The *Perez* Court, however, admonished that the power should be used with great caution and for plain and obvious causes.

The rule is that a subsequent trial may be held where the public interest in a fair trial outweighs the right of the accused to have an end to the litigation. *Wade v. Hunter*, supra.

We are unable to find any authority that holds an accused may be discharged merely on the basis of a numerical mistrial formula. However, in the case of *Preston v. Blackledge*, 332 F.Supp. 681 (E.D.N.C.1971),

the Court, in reviewing the history of the decisions on this issue, found that a fifth trial after four previous trials had ended in mistrials was prohibited. However, the absence of the accused's witnesses at the fifth trial appeared to be a significant factor in the case.

 The issue of whether a trial shall be allowed must be decided on the circumstances of each case within the discretion of the trial judge, who must weigh the rights of the public to a fair and complete adjudication against the constitutional right of the accused to not be harassed, oppressed by successive trials or otherwise denied the protection of his constitutional rights. *Gori v. United States*, 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901 (1961). The exercise of this discretion is, of course, open to review by the Appellate Courts and, as said in *Downum v. United States*, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963), the case is reviewed on the basis that "we resolve any doubts in favor of liberty of the citizen."

In this case, the trial judge, in exercising his discretion, allowed a fourth trial. Judged by the manifest necessity doctrine as opposed to the rights of the accused, we find nothing in the record to indicate that his ruling was erroneous.

The trial judge properly allowed the evidence concerning the Ford truck stolen from Andrew Craddock to be considered by the jury. Although the indictment only alleged the concealing of the Riddle vehicle, both vehicles were concealed by the Appellant simultaneously. In addition to being admissible under the doctrine of a common scheme or plan, *Carroll v. State*, 212 Tenn. 464, 370 S.W.2d 523 (1963), this was admissible as part of the res gestae. *Ellison v. State*, 549 S.W.2d 691 (Tenn.Cr.App.1976); *Coffman v. State*, 3 Tenn.Cr.App. 634, 466 S.W.2d 241 (1970).

Finally, the trial judge properly allowed the State to show that the Appellant had been convicted of interstate transportation of a stolen vehicle in Federal Court. This offense is a felony punishable by not more than five (5) years. 18 U.S.C. § 2312.

In addition, this offense involves dishonest conduct—stealing—and may be used to test the credibility of a testifying accused. The trial judge properly instructed the jury on how to receive and weigh this evidence. All the requirements of *State v. Morgan*, 541 S.W.2d 385 (Tenn.1976) were met.

The judgment of the trial court is affirmed.

DUNCAN and TATUM, JJ., concur.