**STATE of Tennessee, Appellee,**

v.

**Margaret CRANE, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

June 14, 1989.

On Denial of Rehearing July 10, 1989.

Permission to Appeal Denied by Supreme Court Nov. 6, 1989.

Charles Deas, Maryville, for appellant.

Charles W. Burson, Atty. Gen., Linda Ann Hammond, Asst. Atty. Gen., Nashville, David G. Ballard, Dist. Atty. Gen., Maryville, for appellee.

## OPINION

SCOTT, Judge.

The appellant was convicted of shoplifting, for which she received a sentence of thirty days in the Blount County Jail and a fine of $250.00. Her sentence was suspended and she was granted immediate unsupervised probation for thirty days. Much aggrieved by her conviction, she has presented three issues.

█ In the first issue the appellant contends that the trial judge erred by disallowing her motion to dismiss the indictment because the Grand Jury met without giving sufficient and timely notice pursuant to T.C.A. § 40–12–105.

In 1978 the General Assembly enacted Chapter 727 of the Public Acts of 1978, which is codified at T.C.A. § 40–12–105. In 1982 the General Assembly amended the act to clarify the dates on which the re-quired notice must be given. As amended the act now provides as follows:

(a) The clerk of the court having trial level criminal jurisdiction in each county of this state, shall cause to be published, not less than thirty (30) days nor more than forty (40) days before the grand jury meets, the following notice in a newspaper of general circulation in his county:

"It is the duty of your grand jurors to investigate any public offense which they know or have reason to believe has been committed and which is triable or indictable in this county. Any person having knowledge or proof that such an offense has been committed may apply to testify before the grand jury subject to the provisions of Tennessee Code Annotated, Section ——————. The foreman in this county is presently: [Here list foreman and his address]

"The grand jury will next meet on ——————, the —————— day of ——————, 19——, at ——————————. You may be prosecuted for perjury for any oral or written statement which you make under oath to the grand jury, when you know the statement to be false, and when the statement touches on a matter material to the point in question."

(b) In addition to his other duties required by this section, the clerk shall post a written notice in the form set forth in subsection (a), in a place convenient to the public at the county courthouse.

(c) Failure by the clerk to perform the duties required by this section shall be a misdemeanor and grounds for removal from office.

At a pre-trial hearing the appellant introduced the notice filed by the clerk pursuant to this section. The notice was dated September 15, 1987 and appeared in the newspaper on September 17, 1987. The indictment was returned against the appellant on September 21, 1987. No proof was introduced by the state to show that there was compliance with the statute by the publication of an earlier notice. The appellant

testified that she reviewed the Blount County newspapers and saw no other grand jury meeting notices.

The appellant contends that the grand jury, by meeting without the proper notice, was acting illegally and that the indictment returned against her must be dismissed.

■ It is elementary that the grand jury does not determine the guilt or innocence of anyone. Rather, it is an investigatory and accusatory body which determines whether there is sufficient evidence to justify bringing an accused to trial. *State v. Felts*, 220 Tenn. 484, 418 S.W.2d 772, 774 (1967). An accused is not entitled as a matter of right to notice that a grand jury is investigating a charge against her. She has no right to appear in person or by counsel or to be brought before the grand jury. She has no right to either be heard or to have witnesses called in her behalf. 38 C.J.S. (Grand Juries) § 39.

It is clear from the preamble to Chapter 727 of the Public Acts of 1978 that the purpose of the act is to extend free access to the grand jury to aggrieved citizens, and to "revive hope for those victims of crimes who have exhausted or lost faith in overburdened channels of alternative redress."

Thus, the purpose of T.C.A. § 40–12–105 as stated by the General Assembly is to give notice to those who may have business before the grand jury that the grand jury is going to meet. The statute was not enacted for the benefit of the defendants whose cases may be under consideration. The validity of indictments returned by a grand jury's meeting in violation of the statute is not affected by the lack of public notice. Indeed, the statute itself provides the penalty for noncompliance, but the penalty is assessed against the Clerk of the Court and clearly does not inure to the benefit of those indicted by the grand jury. This issue has no merit.

■ In the second issue the appellant contends that the trial judge erred by admitting evidence of a prior felony conviction to impeach her. She also argues that the trial judge should have ruled on the issue prior to trial, so that she could have made a more informed decision on whether to testify. Furthermore, she contends that the crime of concealing stolen property is not necessarily a crime involving "dishonesty or false statement."

In *State v. Morgan*, 541 S.W.2d 385, 388–389 (Tenn.1976), our Supreme Court adopted Rule 609 of the Federal Rules of Evidence, which provides that a witness may be impeached by cross-examination about felony convictions if the court determines that the probative value outweighs the prejudicial effect of the conviction. However, crimes involving "dishonesty or false statement" may be the subject of cross-examination without the balancing of the probative value against the prejudicial effect and also regardless of whether the crime is a felony or misdemeanor.

This Court has previously held that larceny is a crime involving dishonesty. *Price v. State*, 589 S.W.2d 929, 932 (Tenn.Crim. App.1979). This Court has also found that burglary is a crime involving dishonesty. *State v. Cole*, 665 S.W.2d 407, 410 (Tenn. Crim.App.1983). This Court has also held that shoplifting is a crime involving dishonesty. *State v. Holtcamp*, 614 S.W.2d 389, 394 (Tenn.Crim.App.1980). This Court has likewise held that interstate transportation of a stolen vehicle is a crime involving dishonesty. *Arnold v. State*, 563 S.W.2d 792, 795 (Tenn.Crim.App.1977). As Judge Tatum so aptly put it, "(s)tealing is dishonest conduct and an offense involving such conduct is a proper subject of cross-examination." *State v. Holtcamp*, supra.

Among the elements of concealing stolen property are the fact that the goods were feloniously taken or stolen from another, that the accused knew such goods to have been so obtained, and that the concealment was with the intent to deprive the owner thereof. *Williams v. State*, 216 Tenn. 89, 390 S.W.2d 234, 237 (1965).

Thus, it is clear that concealing stolen property, like interstate transportation of a stolen vehicle, is a crime involving "dishonesty." It was unnecessary to balance the probative value against the prejudicial effect either at trial or pre-trial, and this issue has no merit.

■ Finally, the appellant challenges the sufficiency of the convicting evidence.

The appellant entered the Revco Drug Store at the Midland Shopping Center in Alcoa, Tennessee. After going up and down the aisles, she picked up a can of Blockade flea spray. She walked to the detergent display, placed the can of flea spray in her handbag, shopped some more and walked out of the store. Gerald Bowers, the manager, saw this through an observation window approximately twenty feet from the appellant. He followed her out of the store and confronted her. After some discussion, she took the flea spray from her handbag and gave it to him.

The appellant testified that she laid the flea spray in the depression on the top of her partially unzipped purse and then went to look for laundry detergent. Apparently the flea spray fell into her purse accidentally. She saw Mr. Bowers watching her, became uneasy and left the store, with no intention to steal the flea spray. She was willing to go back into the store to pay for the flea spray, but Mr. Bowers did not allow her to do so.

On cross-examination she admitted that she was convicted of concealing stolen property over eight years earlier.

A jury verdict of guilty, approved by the trial judge, accredits the testimony of the state's witnesses and resolves all conflicts in favor of the theory of the state. *State v. Hatchett*, 560 S.W.2d 627, 630 (Tenn. 1978). · On appeal the state is entitled to the strongest legitimate view of the evidence and all reasonable and legitimate inferences which may be drawn therefrom. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn.1978).

There was ample, indeed overwhelming, evidence from which any rational trier of fact would conclude that the appellant was guilty of shoplifting beyond a reasonable doubt. Rule 13(e), T.R.A.P., *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 2786–2792, 61 L.Ed.2d 560 (1979). This issue has

no merit. Indeed, since she was caught "red-handed" that was the only logical conclusion. This issue has no merit.

The judgment is affirmed.

BIRCH, J., and ALLEN R. CORNELIUS, Jr., Special Judge, concur.

## ON MOTION FOR REHEARING

■ The appellant has filed a "motion for rehearing" in which she contends that this Court had no jurisdiction to issue the opinion filed June 14, 1989, because she has, during the pendency of this appeal, filed a "notice of appeal" in the United States Supreme Court.[1] In her pleading, which she filed in the United States Supreme Court, she is seeking an order forcing her court appointed attorney to withdraw from this case.

Regardless of the appellant's actions taken during the pendency of this appeal, this Court is fully convinced that it had jurisdiction to enter the opinion which was filed at Knoxville on June 14, 1989. If the United States Supreme Court should disagree, we feel confident that that Court, not Ms. Crane, will be the one to tell us.

It is, therefore, ordered, adjudged and decreed by the Court that the "motion for rehearing" be and the same hereby is denied.

■

[1]. Actually the appellant's pleading has been treated as a petition for certiorari by the United States Supreme Court. In her petition the appellant is seeking to overturn an order of the Tennessee Supreme Court denying her extraordinary appeal of an order by a judge of this Court in which her court appointed counsel was not dismissed.