**STATE of Tennessee, Appellee,**

v.

**Ray SMITH, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

March 13, 1991.

156

Richard G. Rosser, Edward B. Johnson, Somerville, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, Ellen Pollack, Sp. Asst. Atty. Gen., Nashville, Paul G. Summers, Dist. Atty. Gen., Elizabeth T. Rice, Stephen Weitzman, Asst. Dist. Attys. Gen., Somerville, for appellee.

## OPINION

PEAY, Judge.

The defendant was found guilty by a jury of voluntary manslaughter and of the use of a firearm in the commission of a felony. He was sentenced to five years on each conviction, and these sentences were to run consecutively. However, the judge suspended the second sentence.

The defendant appeals as of right from these convictions and sentences, presenting eight issues for review. Since a review of the second issue raised by the defendant is dispositive, it will not be necessary to consider the other grounds raised. In this second issue the defendant contends that the trial court was in error in declaring a mistrial during the first trial, and we agree. For this reason the conviction at the second trial is reversed, and the charges against the defendant are dismissed.

In arriving at the above conclusion, it is necessary to review the sequence of events that occurred in this case. The defendant was charged in the indictment with second degree murder in count one, employing a firearm as a means of committing a felony in count two, and carrying a pistol with the intent to go armed in count three. Prior to the first trial on this matter, the defendant filed numerous motions along with a subpoena for a witness to produce certain diaries thought to contain exculpatory matters. At the hearing on the State's motion to quash the subpoena, the trial judge granted the State's motion but evidently advised the defendant that the diaries or diary would be available for review prior to the commencement of the trial.

During the first trial of this matter, presided over by a different judge, problems developed with certain witnesses. In one instance it appeared that the sequestration rule had been violated by State's witnesses. Then a series of problems arose in connection with the diaries. First the witness subpoenaed to bring the diaries appeared, testifying that she had destroyed them, in spite of admittedly having received two subpoenas requiring her to bring these diaries to court. She further testified that she had advised the district attorney general, after receiving the second subpoena, that she had in fact destroyed these diaries. At this point the defendant made a motion to dismiss the charges. Denying the motion, the court instead instructed defense counsel that he could cross-examine this witness about the destruction of evidence which the defendant thought contained exculpatory information.

On the following morning of trial, the court announced that a deputy sheriff had taken the witness to her home in Arkansas and retrieved the diary, which did in fact contain some exculpatory matter.[1] Also during this first trial it was learned that the State had failed to produce exculpatory statements of two other witnesses which tended to show the shooting was accidental.

As a result of the above problems encountered by the trial court, a mistrial was declared over the defendant's objection. Almost one year later the defendant was retried and found guilty of voluntary manslaughter and of the use of a firearm to commit a felony.

 The rule in Tennessee is well settled that constitutional provisions against double jeopardy protect an accused from the peril of a second punishment and a second trial for the same offense. *Whitwell v. State*, 520 S.W.2d 338, 341 (Tenn. 1975). There are recognized exceptions, however, to this prohibition against double jeopardy. One of these exceptions exists when the defendant has actively sought or consented to the mistrial unless he was "goaded" into requesting a mistrial. *State v. Nixon*, 669 S.W.2d 679, 681 (Tenn.Crim. App.1983). Another exception to the prohibition against double jeopardy exists when there is a "manifest necessity" for a mistrial. If it appears that some matter has occurred which would prevent an impartial verdict from being reached, a mistrial may be declared and a claim of double jeopardy would not prevail on a subsequent trial. *Arnold v. State*, 563 S.W.2d 792, 794 (Tenn.Crim.App.1977).[2]

 The issue of whether a retrial shall be allowed must be decided on the circumstances of each case and is within the discretion of the trial judge. The trial judge must weigh the rights of the public to a fair and complete adjudication against the constitutional right of the accused not to be harassed, oppressed by successive trials, or otherwise denied the protection of his constitutional rights. The exercise of this discretion by the trial judge is reviewed by resolving any doubts in favor of the liberty of the citizen. *State v. Eva Jean Brown*, No. 1167, 1988 WL 136600 (Tenn.Crim.App. filed December 20, 1988, at Knoxville).

---

1. Although the record indicates there was more than one diary, only one was evidently produced. 

2. A manifest necessity is most often found when a jury is unable to reach a verdict.

The jury can be discharged without a plea of former jeopardy being valid when it is impossible to proceed without manifest injustice to the public or the defendant himself. *State v. Malouf,* 199 Tenn. 496, 287 S.W.2d 79, 82 (1956). It is the duty of the prosecutor to shoulder the burden of justifying the mistrial in order to avoid the double jeopardy bar. The prosecution must demonstrate the manifest necessity for and lack of feasible alternatives to the mistrial, even though it was granted sua sponte, if the defendant is to be again tried. *State v. Eva Jean Brown,* No. 1167, 1988 WL 136600 (Tenn.Crim.App. filed December 20, 1988, at Knoxville).

From a review of the record in this case it is apparent that the prosecution has not carried the burden of demonstrating the manifest necessity for and the lack of feasible alternatives to the mistrial granted by the trial judge. It is apparent that problems with the sequestration of witnesses, failure to provide discovery, and perjury by a witness concerning destruction of documents were all matters that could have been resolved at the original trial; thus, there was no necessity for a mistrial.

For the reasons set out above we therefore conclude that the convictions in this case must be reversed, and the charges against the defendant are dismissed.

SCOTT, J., and BROOKS McLEMORE, Special Judge, concur.