IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

SEPTEMBER 1998 SESSION

FILED

December 21, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. NO. 01C01-9708-CC-00327 |
| APPELLEE, | * | RUTHERFORD COUNTY |
| VS. | * | Hon. J. S. Daniel, Judge |
| STEPHEN CARL OSBORNE, | * | (Driving on Revoked License and Driving Under the Influence-4th Offense) |
| APPELLANT. | * | |

For Appellant:

Guy R. Dotson, Jr.
102 South Maple Street
Murfreesboro, TN 37130

For Appellee:

John Knox Walkup
Attorney General and Reporter
450 James Robertson Parkway
Nashville, TN 37243-0493

Lisa A. Naylor
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

William C. Whitesell
District Attorney General
Third Floor Judicial Bldg.
Murfreesboro, TN 37130

OPINION FILED: _____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

## OPINION

The defendant, Stephen Carl Osborne, was convicted of operating a motor vehicle while under the influence of an intoxicant, fourth offense, and for operating a motor vehicle on a revoked driver's license. The trial court imposed a sentence of eleven months and twenty-nine days for the DUI conviction, suspended all but one hundred seventy days, and ordered the remainder to be served on probation. The trial court imposed a consecutive six-month sentence for driving on revoked license, ordered ten days in jail, and required the balance to be served on probation. In this appeal of right, the defendant presents the following issues for review:

> (I) whether the trial court erred by failing to order a mistrial after the jury was exposed to evidence of the defendant's prior convictions; and

> (II) whether the trial court erred by failing to grant a new trial after the jury was exposed to extraneous information during deliberations.

We affirm the judgment of the trial court.

At approximately 1:00 a.m. on April 21, 1996, Officer Don Fanning of the Murfreesboro Police Department observed the defendant driving in an industrial area which had minimal late-night traffic on the weekends. When Officer Fanning noticed the defendant turning right onto a dead-end street, he drove through the intersection, and then returned to the intersection to observe. By that time the defendant was reapproaching the intersection. According to Officer Fanning, the defendant failed to stop at the stop sign before turning right. Officer Fanning then stopped the defendant's vehicle.

2

Samantha Krueger, girlfriend of the defendant, stepped out of the car first and attempted to talk with Officer Fanning. The officer asked Ms. Krueger to step aside so that he could speak with the driver. When asked to show his driver's license, the defendant told Officer Fanning that it had been revoked.

Officer Fanning administered a series of field sobriety tests before determining that the defendant was driving under the influence. He also confirmed the revoked status of the defendant's driver's license.

The defendant claimed necessity as his defense. He and Ms. Krueger testified that he was driving because Ms. Krueger, who had been driving earlier that evening, had become ill. When Officer Fanning stopped the vehicle, however, neither the defendant nor Ms. Krueger made such a claim.

At trial, the State presented a video tape of the stop, the field sobriety tests, and the arrest. A portion of the video tape included questions about prior arrests for driving on a revoked license. The State redacted the portions of the video that covered information about the prior arrests. During jury deliberations, however, the jury asked to review the tape and the prosecution mistakenly included some of the redacted portions. On the redacted portion of the videotape, the jury heard Officer Fanning ask the defendant, "When was the last time you were arrested for driving on revoked?" The tape was stopped before the defendant answered. The defendant's motion for a mistrial was overruled. A short time later, the jury returned with verdicts of guilty for driving under the influence and driving on a revoked license.

3

I

The defendant's first complaint is that the trial court erred by failing to grant a mistrial. The defendant argues that the jury was exposed to evidence of his prior convictions for driving on a revoked license by the question recorded on the videotape. The state argues that the trial court correctly denied the defendant's motion because the challenged question was not evidence of any prior convictions and, therefore, did not require the grant of a mistrial.

The purpose of a mistrial is to correct the damage done to the judicial process when some event has occurred which would preclude an impartial verdict. Arnold v. State, 563 S.W.2d 792, 794 (Tenn. Crim. App. 1977). The decision whether to grant a mistrial is within the trial court's discretion and will not be disturbed absent an abuse of that discretion. State v. Millbrooks, 819 S.W.2d 441, 443 (Tenn. Crim. App. 1991). "Generally a mistrial will be declared in a criminal case only when there is a 'manifest necessity' requiring such by the trial judge. Id., 819 S.W.2d at 443. The authority to discharge a jury is to be exercised only when there is a cogent reason or manifest necessity. Jones v. State, 403 S.W.2d 750, 754 (Tenn. 1966).

In State v. James Edward Gates, No. 01C01-9607-CR-00312, slip op. at 7 (Tenn. Crim. App., at Nashville, Sept. 30, 1997), app. denied, (Tenn. Oct. 12, 1998), the issue before this court was whether a mistrial was required when the jury inadvertently heard a question on audiotape that alluded to the defendant's possible prior misconduct. Specifically, the jury heard on audiotape a detective ask the defendant, "Juaney [Bradford] has got you in trouble before, ain't he?" Gates, slip op. at 7. This court held that a jury hearing a question on audiotape that alluded to the defendant's possible prior misconduct without hearing the answer did not qualify

4

as a "manifest necessity" requiring mistrial. The court concluded that the trial judge had not abused his discretion in refusing to grant a mistrial. <u>Gates</u>, slip op. at 7.

In this instance, the jury heard Officer Fanning's question but did not hear the defendant's response. Furthermore, before hearing the question, the jury was instructed by the trial judge that questions were not to be considered as evidence. In the context of the entire record, the objectionable portion of the videotape did not affect the results of the trial or otherwise so prejudice the judicial process as to preclude an impartial verdict. The evidence of guilt was convincing notwithstanding the improper question heard by the jury. It is our conclusion, therefore, that there was no manifest necessity for the mistrial and that the trial judge did not abuse his discretion by refusing to grant a mistrial.

## II

The defendant also contends that the trial court erred by failing to grant defendant's motion for a new trial because the jury was exposed to extraneous information during deliberations. The defendant argues that Officer Fanning's question affected the reliability of the verdict. The defendant also argues that because the question was prejudicial, the burden shifts to the prosecution to demonstrate the harmlessness of the communication with the jury.

At the motion for a new trial, the trial court found that the issue presented is whether the jury was prejudiced by the introduction of the extraneous information. The trial judge stated as follows:

> Well here's ... and I understand your argument and it makes an interesting issue framed for appellate review. But as you know, we charge the jury that a question is not evidence. That evidence is the response to the question. And so the issue really that's raised [is: Is] this question, which is unanswered, such a piece of

5

extraneous information that the jury is prejudiced in their deliberation.

In overruling the defendant's motion for a new trial, the trial judge made a further observation:

> But in this case, it looks like this would be the type of case in which it would be an attack on the receipt by the jury of extraneous information that affects their verdict, and that verdict could be attacked by affidavit showing that the defendant in his position was in fact prejudiced by the question.
> And I don't have anything to justify that. And assuming that following the charge and the law, that a question is not evidence, then I don't have anything presented to me that would give rise to a basis to conclude that the jury, using that extraneous information, reached a conclusion that was inappropriate for them to reach based on that information. So with those comments, I'm going to overrule your motion.

The defendant and the State both cite Rule 606(b) of the Tennessee Rules of Evidence. Rule 606(b) states that a juror may testify on the question of whether extraneous prejudicial information was improperly brought to bear upon any juror. Here, the defendant never presented testimony by a juror as to any extraneous prejudicial information.

Extraneous information is information from a source outside the jury. Caldararo v. Vanderbilt University, 794 S.W.2d 738, 742 (Tenn. App. 1990) (citing State v. Coker, 746 S.W.2d 167, 171 (Tenn. 1987)). After proof that a juror has been exposed to extraneous prejudicial information, there arises a rebuttable presumption of prejudice, and the burden shifts to the prosecution to explain the conduct or demonstrate the harmlessness of it. State v. Young, 866 S.W.2d 194, 196 (Tenn. Crim. App. 1992).

In order to shift the burden to the prosecution to demonstrate the harmlessness of the communication with the jury, the threshold question is whether the statement communicated to the jury was prejudicial to the defendant. State v. Parchman, 973 S.W.2d 607, 612 (Tenn. Crim. App. 1997). See also Young, 866 S.W.2d at 196 (trial judge was best able to assess the nature of extraneous information, as well as its effect, if any, upon the jury).

In this instance, the jury heard Officer Fanning's question on videotape some two hours after deliberations had begun. Although the question is suggestive of the fact that defendant had been previously arrested for driving on a revoked license, the jury did not hear the defendant's answer. Because the jury had been instructed that questions alone are not evidence, it is our view that the statement communicated to the jury was not prejudicial to the defendant. Moreover, the jury had sufficient reason absent Officer Fanning's question to have found that the defendant had been driving on a revoked license.

Accordingly, the judgment of the trial court is affirmed.

_____
Gary R. Wade, Presiding Judge

CONCUR:


_____
Thomas T. Woodall, Judge


_____
James Curwood Witt, Jr., Judge

7