# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### November 14, 2000 Session

## STATE OF TENNESSEE v. WILLIAM J. CLOUSE

**Interlocutory Appeal from the Circuit Court for Van Buren County**
**No. 1611-F     J. Richard McGregor, Judge**

-------

**No. M2000-00436-CCA-R9-CD - Filed July 11, 2001**

-------

JERRY L. SMITH, J., dissenting.

I must respectfully dissent from the Court's holding in this case. I would find that any prosecution of the Defendant as an habitual motor vehicle offender would, under the circumstances presented in this case, constitute a violation of the Defendant's double jeopardy rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 10 of the Tennessee Constitution.

As noted by the majority, any analysis of a double jeopardy claim following pretrial detention must begin with State v. Coolidge, 915 S.W.2d 820, 823 (Tenn. Crim. App. 1995), overruled on other grounds by State v. Troutman, 979 S.W.2d 271 (Tenn. 1998). In that case, this Court held

> Certainly, both state and federal constitutional provisions protect against "the peril of both a second punishment and a second trial for the same offense." Whitwell v. State, 520 S.W.2d 338, 341 (Tenn. 1975); see State v. Smith 810 S.W.2d 155 (Tenn. Crim. App. 1991). The holding in Doe v. Norris, 751 S.W.2d 834, 839 (Tenn. 1988), also provided some guidance:
>
> > In determining whether the confinement involved ... is punishment ... [c]ourts must decide whether the confinement is imposed for the purpose of punishment or whether it is an incident of a legitimate governmental purpose. Where ... no showing of an express intent to punish is made ... "that determination ... turn[s] on 'whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in

> <u>relation to the alternative purpose assigned.</u>'"
>
> (Citation omitted).
>
> Interestingly, there are very few reported cases on this particular subject. The issue appears to be one of the first impression in this state. From those few sources available, it would appear that the determinative question is whether the pretrial detention period amounts to punishment. If so, a subsequent conviction violates double jeopardy safeguards; but if merely "remedial in nature," a conviction and sentence are not precluded.

<u>Coolidge</u>, 915 S.W.2d at 823 (emphasis added). Thus, while <u>Coolidge</u> casts the initial burden on a defendant to prove that the detention is punitive, that burden is not a heavy one: "[i]n other words, the defendant must make an arguable showing that his pretrial detention qualified as punishment. That would depend on (1) whether the detention served an alternative purpose, and (2) whether that detention is excessive in relation to the purpose. <u>Id</u>. at 824.

In this case, the majority opinion recognizes that the policy in Van Buren County is inexplicable. However, it goes on to find that the Defendant's claim is without merit because (1) the policy in Van Buren County does not automatically result in unlawful pretrial detention because it merely states that a General Sessions Judge, not a Commissioner, must set bond, and (2) in any event, the policy is rationally connected to the purpose of ensuring the Defendant's presence at trial because, by their very nature, Motor Vehicle Habitual Offenders have shown disrespect for the laws of this state.

I think this misses the point. "Whether the detention was precluded upon double jeopardy principles must be assessed on a case-by-case basis." <u>Id</u>. at 824. In other words, it makes no difference whether the policy always results in pretrial detention because it did so in this case. Furthermore, "[u]nless the restriction is related to a legitimate goal, courts may infer that its purpose is punitive." <u>Id.</u> at 823. Thus, the very existence of such a policy, without any plausible explanation, allows this Court to infer that it is punitive in nature. The majority opinion notes that no explanation was given, yet it <u>sua</u> <u>sponte</u> assigns one found in the language of the Motor Vehicle Offenders Act at Tennessee Code Annotated Section 55-10-602 (2) (1998), to wit: defendants "who . . . have demonstrated their disrespect for the laws of this state" may be subjected to disparate bail treatment. I submit this characterization also applies to many other criminal defendants who make bond immediately before a judicial commissioner. Perhaps the majority means that these are "habitual" offenders, who have shown more disrespect for the laws than others, but the Court makes no such holding.

The majority also relies on <u>State v. Pennington</u>, 952 S.W.2d 420 (Tenn. 1997). In that case, Justice Birch, writing for a unanimous Tennessee Supreme Court, held that the 12-hour detention of a driver who failed to take a breathalyzer test did not bar the State's subsequent prosecution of him for offenses charged in the indictment, i.e., D.U.I.

However, <u>Pennington</u> is distinguishable from the present case because in that case

the parties stipulated that one of the purposes of the detention policy was to keep suspected drunk drivers off the road for a period of time after their arrest: "In other words, the policy was intended, at least in part, to protect the public from individuals who had been arrested on suspicion of driving under the influence. This is a remedial purpose, not a punitive one, and therefore, the defendant's initial appearance before the judicial commissioner does not constitute an essentially criminal proceeding brought to 'vindicate public justice.'" Id. at 422-23. In other words, the purpose was legitimate. The court also noted that

> assuming solely for the sake of argument that jeopardy did attach at Pennington's initial appearance and that the detention could be construed as punishment, the punishment was for refusing to submit to the breathalyzer test--not for the offenses for which Pennington was later indicted. Under our analysis in State v. Denton, 938 S.W.2d 373, 381 (Tenn.1996), refusal to submit to a test to determine blood-alcohol content, Tenn. Code Ann. § 55-10-406(a)(3), is not the same offense as driving under the influence, Tenn. Code Ann. § 55-10-401, or driving on a suspended or revoked license, Tenn. Code Ann. § 55-50-504. The elements of the offenses are distinct from one another; the same evidence would not be used to prove the offenses; and the statutes serve different purposes.

Id. at 423

In this case, no legitimate purpose for the pretrial detention has been articulated by the State. The only assignable remedial purpose to Van Buren County's policy is the one conceived by the majority sua sponte. I do not think we can assume such a purpose on appeal, particularly in light of Coolidge's mandate that we infer the opposite in the absence of any evidence. 915 S.W.2d at 823 ("Unless the restriction is related to a legitimate goal, courts may infer that its purpose is punitive."). Furthermore, unlike the accused in Pennington, this Defendant was ultimately indicted for the same offense for which he was originally detained.

Finally, it is true that this Court in Coolidge and State v. Johnson, 980 S.W.2d 414, 420-21 (Tenn. Crim. App. 1998), has found that pretrial detention in order to assure appearance at trial is a legitimate remedial purpose for double jeopardy analysis. However, there is no showing in this record that the differing treatment given habitual motor vehicle offenders in Van Buren County is for this purpose. Indeed, many such offenders such as the Defendant in this case may actually make bail after coming before the general sessions judge. Thus, Van Buren County's policy cannot be said to be related to a need to assure a defendant's presence at trial. Where as here the delay between arrest and bail results in the incarceration of the Defendant and there is no showing by the State of a legitimate remedial purpose for the policy that results in such a detention, I would find that the policy is punitive in nature and that any subsequent prosecution of the Defendant under these circumstances is barred by the double jeopardy clauses of the federal and state constitutions.

 

 

                                        _____

                                        JERRY L. SMITH, JUDGE