# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs February 12, 2013

## STATE OF TENNESSEE v. WILLIAM LANCE WALKER

**Appeal from the Circuit Court for Marshall County**
**No. 2009-CR-115   Robert Crigler, Judge**

---

**No.  M2012-01319-CCA-R3-CD - Filed April 29, 2013**

---

Appellant, William Lance Walker, was indicted by the Marshall County Grand Jury with one count of the sale of .5 grams or more of cocaine and one count of the delivery of .5 grams or more of cocaine.  After a jury trial, Appellant was convicted as charged.  As a result, the trial court merged the two offenses and sentenced Appellant to a term of twelve years, to be served consecutively to Appellant's sentence in a previous case, for a total effective sentence of forty-seven years.  After a motion for new trial and a hearing on the motion, the trial court amended Appellant's sentence from twelve years to twenty years but ordered it to run consecutively to a prior sixteen-year parole violation but concurrently with a prior nineteen-year sentence, for a total effective sentence of thirty-six years.  On appeal, Appellant claims that the evidence was insufficient, the trial court erred in denying a mistrial after a witness made reference to his incarceration, and that his sentence is excessive.  After a review of applicable authorities and the record, we conclude that the evidence was sufficient to support the convictions; the trial court did not abuse its discretion in denying a mistrial where the Appellant elicited the claimed offending testimony, the proof against Appellant was strong and Appellant rejected a curative instruction.  We also determine that the trial court did not abuse its discretion in sentencing Appellant where Appellant's sentence is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute.  Finally, we note that the record does not appear to contain amended judgment forms to reflect the trial court's amendment to Appellant's sentence at the hearing on the motion for new trial.  Consequently, the judgments of the trial court are affirmed, but the matter is remanded to the trial court for entry of corrected judgments.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Trial Court are Affirmed and Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and JEFFREY S. BIVINS, JJ., joined.

William J. Harold, Assistant Public Defender, Lewisburg, Tennessee, for the appellant, William Lance Walker.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Charles Crawford, District Attorney General, and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

Appellant's November, 2009 indictments stem from the sale and delivery of an "eight ball" of cocaine to a confidential informant in the parking lot of a Walmart in Lewisburg, Tennessee. As a result of the transaction, Appellant was indicted by the Marshall County Grand Jury with one count of the sale of .5 grams or more of cocaine and one count of the delivery of .5 grams or more of cocaine.

At trial, Kristoffer Peacock, the confidential informant, testified for the State. According to Mr. Peacock, after he was caught with several ounces of marijuana at his home, he became a "cooperating individual" for the 17th Judicial Drug Task Force at some point prior to the transaction involving Appellant. Mr. Peacock had never met Appellant prior to November 14, 2008, but knew about Appellant through Appellant's ex-girlfriend.

On the date of the incident, Mr. Peacock called Appellant and asked for an "eight ball" of cocaine. Appellant quoted a price of "$220 or 225, something like that." At the request of authorities, Mr. Peacock initiated contact with Appellant a second time to confirm the deal and try to negotiate the price. This telephone call was recorded and played for the jury.

Mr. Peacock was searched by authorities, fitted with a transmitter and recorder, and given $225 in preparation for the controlled drug buy. Appellant met Mr. Peacock in the parking lot of the Walmart in Lewisburg, Tennessee. Appellant got into the car with Mr. Peacock and handed him an "eight ball" of cocaine in a small bag which was tied in a knot. Mr. Peacock gave Appellant $225. Mr. Peacock left the location of the buy and drove back

to the meeting point. He informed officers that the cocaine was located in the cup holder of his car. It was retrieved by police and tested positively for 3.3 grams of cocaine.[1]

During cross-examination, Mr. Peacock testified that he owned a janitorial business. Prior to the incident at issue herein, Appellant had asked Mr. Peacock for a job. Mr. Peacock admitted that he was "going to potentially give [Appellant] a job." Counsel for Appellant asked if the "Drug Task Force [knew he] was going to potentially give [Appellant] a job." Mr. Peacock answered, "When [Appellant] got out of jail, he never called me."

Special Agent Billy Osterman, the "tech man" on the 17th Judicial Drug Task Force for the controlled buy at issue herein was responsible for preserving the evidence of the telephone call prior to the transaction and supplying Mr. Peacock with the money for the transaction. Special Agent Osterman also fitted Mr. Peacock with the transmitter and recorder to monitor the transaction. Special Agent Osterman monitored Mr. Peacock's audio transmission throughout the transaction and was in visual contact with Mr. Peacock until he approached the Walmart parking lot. At that point in time, another agent, Special Agent Shane George, actually picked up visual contact of Mr. Peacock and witnessed the transaction with Appellant. The purchase was videotaped by Special Agent George. Deputy Sheriff Tim Miller of the Bedford County Sheriff's Department also maintained visual contact with Mr. Peacock during the transaction.

At the conclusion of the proof, the jury convicted Appellant of both offenses. At a sentencing hearing, the trial court merged the two offenses and sentenced Appellant to twelve years in incarceration. The trial court ordered this sentence to be served consecutively to Appellant's sentence in case number 09CR119 and "[a]ny unexpired sentence."

Appellant filed a motion for new trial in which he challenged his sentence, the sufficiency of the evidence, and the trial court's refusal to grant a mistrial. At the hearing on the motion for new trial, the trial court determined that Appellant's sentence should indeed be modified. The trial court amended Appellant's sentence from twelve years to twenty years as a Range II, multiple offender. The trial court ordered the sentence to run concurrently with the nineteen-year sentence in Marshall County Circuit Case No. 09CR119, but consecutively to the sixteen-year sentence Appellant was serving in Marshall County Circuit Case Nos. 15147 and 15278, making the total effective sentence thirty-six years rather than forty-seven years. The trial court ordered the State to prepare an amended judgment form, however, the record on appeal does not contain an amended judgment form.

---

[1]There was testimony at trial that a true "eight ball" of cocaine weighs 3.5 grams.

Appellant filed a timely notice of appeal, challenging the sufficiency of the evidence, the trial court's failure to grant a mistrial, and his sentence.

*Analysis*

*Sufficiency of the Evidence*

First, Appellant complains that the evidence is insufficient to support his conviction. Specifically, he insists that he was "entrapped" and that, if the evidence did not support a defense of entrapment, the evidence was merely strong enough to prove a "casual exchange." The State disagrees.

To begin our analysis, we note that when a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the State. *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994); *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally presumed innocent, the verdict of guilt removes this presumption and replaces it with a presumption of guilt. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997); *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. *Id.*

The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." *See Tuggle*, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof. *State v. Morgan*, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." *Matthews*, 805 S.W.2d at 779. Further, questions concerning the credibility of the witnesses and the weight and value to be given to evidence, as well as all factual issues raised by such evidence, are resolved by the trier of fact and not the appellate courts. *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990).

The guilt of a defendant, including any fact required to be proved, may be predicated upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. *See State v. Pendergrass*, 13 S.W.3d 389, 392-93 (Tenn. Crim.

App. 1999). Even though convictions may be established by different forms of evidence, the standard of review for the sufficiency of that evidence is the same whether the conviction is based upon direct or circumstantial evidence. *See State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011). As such, all reasonable inferences from evidence are to be drawn in favor of the State. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978); *See Tuggle*, 639 S.W.2d at 914.

Tennessee Code Annotated section 39-17-417 makes it an offense for a defendant to "knowingly . . . sell a controlled substance." A violation of the statute with respect to cocaine "is a Class B felony if the amount involved is point five (.5) grams or more of any substance containing cocaine . . . ." T.C.A. § 39-17-417(c)(1).

At trial, the confidential informant, Mr. Peacock, testified that he initiated contact with Appellant by telephone and asked him if he could supply an "eight ball" of cocaine. Thereafter, the men set up a meeting for the sale of the cocaine. The telephone calls leading up to the controlled purchase were recorded by the Drug Task Force. Further, Mr. Peacock was supplied with the $225 for the transaction by authorities who maintained both audio and visual contact with Mr. Peacock while he traveled to the Walmart parking lot in Lewisburg, met with Appellant, and bought cocaine for the pre-arranged price. After the exchange, authorities retrieved 3.3 grams of cocaine from Mr. Peacock's car. The proof was more than sufficient for the jury to determine that Appellant sold .5 grams or more of cocaine to Mr. Peacock. Further, the evidence does not support Appellant's claim of entrapment. There was little more than a passing reference to suggest that Appellant could have been enticed to provide the drugs by the promise of employment by Mr. Peacock. The jury heard this evidence and chose to discount Appellant's theory, a decision left in their purview. Lastly, the transaction described by the proof does not, as Appellant claims, amount to a "casual exchange" as it did not evince a "spontaneous passing of a small amount of drugs. . . [where] money may or may not be involved." *State v. Copeland*, 983 S.W.2d 703, 708 (Tenn. Crim. App. 1998). This sale of drugs was a pre-arranged buy of a substantial amount of cocaine. Appellant is not entitled to relief on this issue.

*Mistrial*

Next, Appellant claims that he was deprived of a fair trial when a witness made a reference about Appellant being in jail. Specifically, he claims that the trial court should have granted a mistrial after Mr. Peacock testified during cross-examination that he had contemplated offering Appellant a job with his janitorial service, but Appellant "never called" after "he got out of jail." The State argues because the testimony was elicited by the defense and the trial court offered to provide a curative instruction but Appellant declined, there is no support for the argument that the trial court improperly denied a mistrial.

The purpose of a mistrial is to correct the damage done to the judicial process when some event has occurred which would preclude an impartial verdict. *See Arnold v. State*, 563 S.W.2d 792, 794 (Tenn. Crim. App. 1977). The decision whether to grant a mistrial is within the trial court's discretion and will not be disturbed absent an abuse of that discretion. *State v. Millbrooks*, 819 S.W.2d 441, 443 (Tenn. Crim. App. 1991) (citing *State v. Hall*, 667 S.W.2d 507, 510 (Tenn. Crim. App. 1983)). For this reason, an appellate court's review should provide considerable deference to the trial court's ruling in determining whether an occurrence or event at trial has so prejudiced the defendant or the State as to preclude a fair and impartial verdict. *See State v. Williams*, 929 S.W.2d 385, 388 (Tenn. Crim. App. 1996).

In determining whether there is a "manifest necessity" for a mistrial, "'no abstract formula should be mechanically applied and all circumstances should be taken into account.'" *State v. Mounce*, 859 S.W.2d 319, 322 (Tenn. 1993) (quoting *Jones v. State*, 403 S.W.2d 750, 753 (Tenn. 1966)). Only when there is "no feasible alternative to halting the proceedings" can a manifest necessity be shown. *State v. Knight*, 616 S.W.2d 593, 596 (Tenn. 1981).

Although Tennessee courts do not apply any exacting standard for determining when a mistrial is necessary after a witness has injected improper testimony, this Court has considered: (1) whether improper testimony resulted from questioning by the State, rather than having been a gratuitous declaration; (2) the relative strength or weakness of the State's proof; and (3) whether the trial court promptly gave a curative instruction.[2] *See State v. Demetrius Holmes*, No. E2000-02263-CCA-R3-CD, 2001 WL 1538517, at *l-4 (Tenn. Crim. App., at Knoxville, Nov. 30, 2001); *State v. William Dotson*, No. 03C01-9803-CC-00105, 1999 WL 357327, at *4 (Tenn. Crim. App., at Knoxville, June 4, 1999). This analytical framework is helpful in the case at bar.

As stated above, Appellant argues that the statement by Mr. Peacock necessitated a mistrial and that the trial court abused its discretion in denying Appellant's request for a mistrial. We have reviewed the record on appeal and conclude that the trial court did not err.

Initially, we point out, as did the trial court, that the statement uttered by Mr. Peacock was in response to Appellant's counsel's question about whether Mr. Peacock had offered Appellant a job at his janitorial company. This statement was not elicited by the State, and

---

[2] These factors are non-exclusive and may not be pertinent in every case. *William Dotson*, 1999 WL 357327, at *4; *see Mounce*, 859 S.W.2d at 322 (holding that determination of propriety of mistrial is not subject to mechanistic determination and should be made on the facts of each individual case).

in the light most favorable to Appellant could only be characterized as gratuitous. The trial court offered to give a curative instruction to the jury, but Counsel for Appellant declined, opining that the instruction could draw more attention to Appellant's prior incarceration. Finally, the proof against Appellant, as examined in detail in the preceding section, was very strong. Therefore, we conclude that a mistrial was not necessary. This issue is without merit.

*Sentencing*

Finally, Appellant complains of his sentence. He specifically points to the trial court's decision to sentence him at the top of the range as not amounting to the "least severe measure necessary to achieve the purposes for which the sentence is imposed" as proscribed by Tennessee Code Annotated section 40-35-103(4). The State argues that the trial court properly sentenced Appellant.

We must apply "a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." *See State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012).

In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, first determines the range of sentence and then determines the specific sentence and the appropriate combination of sentencing alternatives by considering: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts regarding sentences for similar offenses; (7) any statements the defendant wishes to make in the defendant's behalf about sentencing; and (8) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-210(a), (b), -103(5); *State v. Williams*, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995).

The trial court is still required to place on the record its reasons for imposing the specific sentence, including the identification of the mitigating and enhancement factors found, the specific facts supporting each enhancement factor found, and the method by which the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. *See Bise*, 380 S.W.3d at 705 n.41; *State v. Samuels*, 44 S.W.3d 489, 492 (Tenn. 2001). Thus, according to *Bise*, a "sentence should be upheld so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." 380 S.W.3d at 709.

The trial court herein complied. The reasons for the sentence were placed on the record during the sentencing hearing. Then, at the hearing on the motion for new trial, the trial court stated the "intention" was not to give Appellant an effective sentence of forty-seven years. Thus, the trial court increased the sentence from twelve to twenty years in this case but modified the way in which the sentence was to be served in conjunction with Appellant's other cases which effectively lowered Appellant's overall sentence to thirty-six years. The sentencing range for a Range II, Class B felony is twelve years to twenty years. Appellant's sentence is within the appropriate range, and the record demonstrates that the trial court complied with the purposes and principles listed in the statute. Appellant is not entitled to relief on this issue.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed and remanded. On remand, the trial court should enter corrected judgment forms to reflect the sentence as modified at the hearing on the motion for new trial.

_____
JERRY L. SMITH, JUDGE