IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
April 17, 2013 Session

## STATE OF TENNESSEE v. LAMAR PARRISH CARTER

**Interlocutory Appeal from the Criminal Court for Davidson County**
**No. 2009-C-2767     Seth Norman, Judge**

**No. M2012-01734-CCA-R9-CD - Filed August 29, 2013**

This is an interlocutory appeal, pursuant to Tennessee Rule of Appellate Procedure 9, from the trial court's grant of a mistrial based upon a "manifest necessity."  The Defendant, Lamar Parrish Carter, appeals the trial court's ruling, arguing that his attorney's cross-examination of a co-defendant about her range of punishment, which was also the range of punishment for the Defendant, was not improper and did not warrant a mistrial.  After a thorough review of the record and the relevant law, we affirm the trial court's judgment.

**Tenn. R. App. 9 Interlocutory Appeal; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., J., joined.  THOMAS T. WOODALL, J., concurred in a separate opinion.

Joy S. Kimbrough, Nashville, Tennessee, for the appellant, Lamar Parrish Carter.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; Shannon Poindexter, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Facts

This case arises from drug-related offenses that resulted in a Davidson County grand jury's indicting the Defendant and two co-defendants, Novillia Smith and Shadrach Evans, on drug-related charges. The Defendant's charges were severed from his co-defendants, and the Defendant's case proceeded to trial on June 25, 2012, on the charges of possession of cocaine with intent to sell or deliver in a school zone and simple possession of marijuana.

During opening statements, the State made the following statement of the proof that would be presented during the trial:

> [I]n the late hours of June 26th, 2009, [the Defendant] met up with Novillia Smith and Shadrach Evans. They drove to a location where [the Defendant] was already present, and [the Defendant] got in the back of their car.
>
> Mr. Evans and Mrs. Smith will tell you that they were there to buy drugs from . . . [the Defendant]. They will tell you they were there to buy some marijuana from [Mr. Carter], and they will also tell you that that is all they were there to buy.
>
> Mrs. Smith had a small amount of powder cocaine from a prior purchase not related to this case, but what [the Defendant] had when he got into the backseat of their car was a Crown Royal bag, and he had a small digital scale, and he had what I would call a goody bag.
>
> In that goody bag was a small amount of marijuana, over eight grams of powder cocaine, and approximately four grams of crack cocaine.
>
> . . . .
>
> What is particularly important with regard to this case is that the location that he told them to come to, where they met him to make this purchase, was within 1,000 feet of LEAD Academy, it is a Metro charter school.

The State called the first witness, Novillia Smith, to testify against the Defendant. On cross-examination, the Defendant's attorney ("Counsel") engaged in the following exchange with Smith:

Counsel:            Now the prosecutor asked you and you agreed that on that night you-all were charged with possession with the

|  |  |
|---|---|
| | intent to sell within 1,000 feet of a school; is that correct? |
| Smith: | I didn't know about the school zone, but I knew about the possession with intent because nobody would claim the drugs. |
| Counsel: | Okay. So everybody was charged? |
| Smith: | Yes. |

. . . .

|  |  |
|---|---|
| Counsel: | All right. And so you were charged in this case for this drug-free school zone and you were facing 15 to 25 years? |
| The State: | Objection, Your Honor, that is completely inappropriate. |
| The Court: | That is absolutely inappropriate. Ladies and Gentlemen, step outside, please. |
| (Jury left) | |
| The Court: | [Counsel], that question is highly improper. You have just informed the jury what the penalty your client is facing in this trial, so this court has no other alternative other than to declare a mistrial because you have tainted this jury. |
| Counsel: | May I - - |
| The Court: | This trial has been declared. |
| Counsel: | May I make a record, Your Honor? |
| The Court: | No, ma'am, you may not. You may not, that was a highly improper question. |

The trial court filed a written order on June 27, 2012, stating "that there is a 'manifest necessity' to declare a mistrial," and ordering a mistrial and that the case be rescheduled on

the trial court's trial docket.

Thereafter, the Defendant filed a motion seeking permission to appeal under Tennessee Rule of Appellate Procedure 9 and for a stay of proceedings pending the interlocutory appeal. The trial court granted the Defendant's motion on August 8, 2012.

## II. Analysis

On appeal, the Defendant argues that the trial court improperly declared a mistrial and, thus, retrial would be a violation of the double jeopardy clause. The State responds that Counsel's cross-examination regarding the sentence to which the Defendant was exposed was improper and created a "manifest necessity" for declaring a mistrial; therefore, retrial is not barred by double jeopardy. We agree with the State.

The decision of whether to grant a mistrial is within the sound discretion of the trial court. *State v. McKinney*, 929 S.W.2d 404, 405 (Tenn. Crim. App. 1996). Normally, a mistrial should be declared only if there is a manifest necessity for such action. *Arnold v. State*, 563 S.W.2d 792, 794 (Tenn. Crim. App. 1977). One description of manifest necessity is that, "[i]f it appears that some matter has occurred which would prevent an impartial verdict from being reached," a mistrial must be declared. *Id*. Additionally, a manifest necessity exists when "no feasible alternative to halting the proceedings" exists. *State v. Knight*, 616 S.W.2d 593, 596 (Tenn. 1981). This Court will not disturb that decision unless there is an abuse of discretion. *State v. Adkins*, 786 S.W.2d 642, 644 (Tenn. 1990); *State v. Williams*, 929 S.W.2d 385, 388 (Tenn. Crim. App. 1996).

From our careful review of the record in this case, it is obvious that the trial court determined that a question posed to a co-defendant by the Defendant's attorney ("And so you were charged in this case for this drug-free school zone and you were facing 15 to 25 years?") was clearly intended by the Defendant's attorney to tell the jury the range of punishment that the Defendant faced if the jury convicted him of the indicted offense. The trial court correctly observed that it is "highly improper" and "absolutely inappropriate" for the jury to be informed of the range of punishment. The trial court immediately exercised its discretion and declared a mistrial, stating on the record to the Defendant's attorney: "[T]hat question is highly improper. You have just informed the jury what the penalty your client is facing in this trial, so this court has no other alternative than to declare a mistrial because you have tainted this jury."

In addition to asserting that a manifest necessity for a mistrial had not arisen under these circumstances, the Defendant asserts that the trial court improperly limited his right to cross-examine the witness, Novillia Smith, because the Defendant has a constitutional right

-4-

to "delve into a witness' bias or motive."

> Cross-examination is a fundamental right afforded by the Confrontation Clause of the Sixth Amendment. A component part of this constitutional protection is the right to establish or to otherwise impeach the credibility of a witness. The propriety, scope, manner, and control of cross-examination of witnesses, however, remain within the discretion of the trial court. The trial court abuses its discretion by unreasonably restricting a defendant's right to cross-examine a witness against him.

*State v. Echols*, 382 S.W.3d 266, 284-85 (Tenn. 2010)(internal citation omitted).

In the present case, after confirming that Smith and the Defendant were charged with the same offense, Counsel asked Smith about the specific range of punishment she faced for the offense, fifteen to twenty-five years. Tennessee Code Annotated section 40-35-201(b) requires that "[i]n all contested criminal cases, except for capital crimes . . . , the judge shall not instruct the jury, nor shall the attorneys be permitted to comment at any time to the jury, on possible penalties for the offense charged nor all lesser included offenses." Counsel's questioning of Novillia Smith about the possible penalty for the offense for which the Defendant was on trial exposed the jury to statutorily prohibited information. The trial court determined, in its discretion, that when the jury was exposed to sentencing information, an impartial verdict could not be rendered. The range of punishment is an improper consideration for the jury in determining the Defendant's culpability in these crimes. The trial court acted within its discretion when it determined that a manifest necessity for a mistrial had arisen.

We recognize the importance of a Defendant's fundamental right to cross-examine witnesses. In our view, the question posed by the Defendant's attorney served one purpose - to convey the Defendant's range of punishment to the jury. The trial court in this case focused immediately on the nature of the information conveyed to the jury by the Defendant's attorney's question, and decided that once the information concerning sentencing had been heard by the jury, an impartial verdict could not be rendered, and that a manifest necessity for a mistrial had arisen. We do not conclude that the trial court abused its discretion in declaring a mistrial under the circumstances of this case. Thus, the Defendant is not entitled to relief.

### III. Conclusion

In accordance with the foregoing reasoning and authorities, we affirm the judgment of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE